Per Curiam.
{¶ 1} Relator, Matthew Shaughnessy, filed this original action in mandamus alleging that respondents, the city of Cleveland and its public-records administrator, Kim Roberson (collectively, “Cleveland”), violated R.C. 149.43, Ohio’s Public Records Act, by failing to produce within eight business days the police incident reports that Shaughnessy requested. We deny Shaughnessy’s request for relief and conclude that he has not shown that Cleveland had a clear legal duty to produce, or that he had a clear legal right to receive, the records he requested within eight business days. We also deny Shaughnessy’s request for statutory damages.
FACTS AND PROCEDURAL HISTORY
{¶ 2} Shaughnessy is an attorney whose practice focuses on recovering economic losses for crime victims through the Ohio Crime Victims Fund. He requests and reviews police incident reports and then sends information about the fund to individuals named in those reports who may be victims of crime.
{¶ 3} Shaughnessy alleges that on five different occasions, Cleveland failed to produce copies of police incident reports in a reasonable amount of time, which he quantifies as eight business days. Cleveland produced copies of the requested records 12 to 31 business days after receipt of the initial requests. Shaughnessy submitted evidence showing that the cities of Akron, Canton, and Columbus have fulfilled his requests for police incident reports within four business days.
{¶ 4} Shaughnessy typically requested police incident reports involving felonious assaults or other assaults causing serious harm but excluding those involving domestic violence, elder abuse, or assault upon a minor. Cleveland’s evidentiary submission explained the steps involved in fulfilling his requests. Cleveland first *613 had to search its database for reports that involved incidents of assaults or aggravated assaults and then exclude records involving the types of victims and offenses that Shaughnessy did not want. Then, to retrieve the actual reports, the records custodian typed each police-report number into Cleveland’s database to extract and print each individual report. Cleveland submitted each report to its law department for review and redaction of information that the law department deemed exempt from disclosure under the Public Records Act. The information typically redacted from reports included Social Security numbers, criminal information obtained from the National Crime Information Center and the Ohio Bureau of Criminal Investigation, the names of juveniles, medical information, and information describing the details of sexual offenses.
{¶ 5} Shaughnessy also submitted supplemental evidence purporting to show that on three different occasions after he initiated this action, Cleveland was able to provide copies of responsive police incident reports within two to four business days after Cleveland printed each report.
{¶ 6} Shaughnessy argues that Cleveland failed to respond to his requests in a reasonable amount of time and asks this court to order Cleveland to respond to future requests within eight business days, invoking our ruling in State ex rel. Wadd v. Cleveland, 81 Ohio St.3d 50, 689 N.E.2d 25 (1998). He also requests $1,000 in statutory damages, the maximum amount authorized in R.C. 149.43(C)(2), for each count of his five-count complaint.
ANALYSIS
Mootness
{¶ 7} As an initial matter, we consider Cleveland’s argument that the case is moot because it has produced all the records at issue in the complaint. This argument is without merit: Shaughnessy challenges the timeliness of Cleveland’s response, not a refusal to provide records. This case therefore does not fall within the general rule that the production of requested records moots a public-records case. See State ex rel. Consumer News Servs., Inc. v. Worthington City Bd. of Edn., 97 Ohio St.3d 58, 2002-Ohio-5311, 776 N.E.2d 82, ¶ 31, citing Wadd at 52. We reject Cleveland’s mootness argument and proceed to the merits.
Timeliness of Cleveland’s Responses
{¶ 8} The Public Records Act states that all public records responsive to a request “shall be promptly prepared and made available for inspection,” R.C. 149.43(B)(1), and that “a public office or person responsible for public records shall transmit a copy of a public record to any person by United States mail or by any other means of delivery or transmission within a reasonable period of time *614 after receiving the request for the copy,” R.C. 149.43(B)(7). The determination whether a public office has complied with its duty to timely provide requested records depends on “all of the pertinent facts and circumstances.” State ex rel. Morgan v. Strickland, 121 Ohio St.3d 600, 2009-Ohio-1901, 906 N.E.2d 1105, ¶ 10, citing Consumer News Servs. at ¶ 37-38. As we detail below, Shaughnessy made frequent requests and those requests required Cleveland to search for records containing specific retrieval criteria, to cull out certain records that he did not want, and then to redact protected information. When we consider Shaughnes-sy’s requests in the context of these circumstances, we conclude that Cleveland’s responses were timely with respect to the requests identified in each count of the complaint, and we deny Shaughnessy’s request for relief.

Count One

{¶ 9} Count one concerns Shaughnessy’s October 10, 2014, faxed request for police reports within a two-week period “from the first and second districts for all non domestic violence related aggravated assaults or assaults where the victims sought medical care at a hospital.”
{¶ 10} This was an improper public-records request, because it required Cleveland to do research for Shaughnessy and to identify a specific subset of records containing selected information. Cleveland had to search its database for reports that involved (1) incidents of “aggravated assaults” or “assaults,” (2) occurring within a specific geographical location, (3) with victims who sought medical care at a hospital, but (4) who were not victims of domestic violence. The Public Records Act does not compel a public office “to do research or to identify records containing selected information.” See State ex rel. Fant v. Tober, 8th Dist. Cuyahoga No. 63737, 1993 WL 173743, *1 (Apr. 28, 1993), aff'd, 68 Ohio St.3d 117, 623 N.E.2d 1202 (1993). See also Morgan, 121 Ohio St.3d 600, 2009-Ohio-1901, 906 N.E.2d 1105, at ¶ 14-15 (request for “[a]ny and all e-mail communications * * * which reference * * * the ‘evidence-based model’ or education funding in general” was overbroad [first ellipsis sic]); State ex rel. Thomas v. Ohio State Univ., 71 Ohio St.3d 245, 246, 643 N.E.2d 126 (1994) (noting denial of writ of mandamus where request for records sought selected information “regarding or related to” any pro-animal-rights action group or individual), citing Fant.
{¶ 11} For this reason, Cleveland could have denied Shaughnessy’s request outright and asked him to revise it. See R.C. 149.43(B)(2). Instead, Cleveland searched its database for incident reports that referred to assaults or aggravated assaults and generated a list of police-report numbers. Cleveland produced that list the same day of Shaughnessy’s request. But Cleveland’s work did not end there. In order to retrieve the actual reports, the records custodian had to type each police-report number into Cleveland’s records-management system to ex *615 tract and print out each individual report. Cleveland then submitted each report to the law department for review and redaction. After taking these steps, Cleveland produced copies of the incident reports on November 17, 2014, 24 business days after Shaughnessy’s request.
{¶ 12} R.C. 149.43(A)(1) excludes certain information from the definition of a public record, some of which is prohibited from public release by law. Public offices therefore often find it necessary to conduct a legal review of responsive records and to redact non-public-record information. This court has recognized that the Public Records Act envisions an opportunity for the public office to examine records prior to release in order to redact exempt materials appropriately. Morgan, 121 Ohio St.3d 600, 2009-Ohio-1901, 906 N.E.2d 1105, at ¶ 16, citing State ex rel. Warren Newspapers, Inc. v. Hutson, 70 Ohio St.3d 619, 623, 640 N.E.2d 174 (1994). And we have stated that police incident reports are subject to redactions to prevent the disclosure of exempt information. See State ex rel. Beacon Journal Publishing Co. v. Akron, 104 Ohio St.3d 399, 2004-Ohio-6557, 819 N.E.2d 1087, ¶ 55-56 (police incident reports may be redacted to eliminate personal victim information). It was therefore reasonable for Cleveland to delay disclosure a bit longer to conduct a legal review. Our analysis of the timeliness of Cleveland’s response must take into account the practical and legal restrictions that Cleveland faces.
{¶ 13} Shaughnessy’s supplemental evidence purports to show that Cleveland was able to complete its legal review and produce responsive records within two to four business days after Cleveland printed each incident report. But the possibility that Cleveland may be able to complete its legal review within a shorter time frame does not transform Shaughnessy’s improper requests into proper ones. See State ex rel. Dispatch Printing Co. v. Johnson, 106 Ohio St.3d 160, 2005-Ohio-4384, 833 N.E.2d 274, ¶ 38 (past disclosure of information does not transform a nonpublic record into a public record under the Public Records Act).
{¶ 14} Shaughnessy bases his argument that Cleveland had a legal duty to respond to his public-records requests within eight business days on Wadd, 81 Ohio St.3d 50, 689 N.E.2d 25, in which we concluded that Cleveland must provide access to accident reports within eight days after the accidents occur. Id. at 55. However, Wadd is inapposite. The relator in Wadd requested access to reports for motor-vehicle accidents occurring on one specific day. Id. at 51. Here, by contrast, Shaughnessy requested copies of reports for incidents spanning a two-week period, and he made several subsequent, similar requests, which generally resulted in 100 to 300 pages of responsive reports. In addition, Wadd involved the availability of accident reports for in-person inspection and copying by the requestor. Id. at 50-51. Here, the issue is not the records’ availability for inspection; rather, a public office had to locate, retrieve, copy, redact, and *616 transmit copies of the responsive records. Wadd does not provide a comparable basis to impose an eight-business-day deadline on Cleveland in this case.
{¶ 15} Nor does Shaughnessy’s comparison of Cleveland’s response times to response times in other cities, without more context, justify imposing an eight-business-day deadline on Cleveland. Shaughnessy offers no evidence as to the manner in which those cities keep, organize, or retrieve incident reports or whether those cities conducted legal review and redaction.
{¶ 16} To be sure, Cleveland could have done things differently. In conformity with the Public Records Act, Cleveland’s public-records policy states that if a request is overbroad, the city may deny the request but must inform the requestor about the manner in which the city keeps and accesses its records so that the requestor can revise the request. Accord R.C. 149.43(B)(2). If it cannot immediately fulfill a request, Cleveland’s policy requires it to estimate the time necessary to do so. Cleveland’s failure to comply with its own policy does not in itself compel relief in mandamus, however. In Morgan, although the governor’s office failed to provide the requestor with an estimated response time in accordance with its policy, we determined that the office otherwise acted reasonably given the broad scope of the request and the office’s decision to review records before production. See Morgan, 121 Ohio St.3d 600, 2009-Ohio-1901, 906 N.E.2d 1105, at ¶ 12-17.
{¶ 17} Similarly, here, Cleveland’s response time of 24 business days was reasonable given the steps Cleveland took to search for responsive records by subject matter, exclude the records that Shaughnessy did not want, retrieve and print each individual police incident report, and then review and redact exempt information. In the context of these circumstances, Cleveland’s response to the request at issue in count one was timely.

Count Two

{¶ 18} Count two concerns Shaughnessy’s November 13, 2014 hand-delivered request for nine specific police incident reports listed by date, address, and offense. Cleveland produced responsive records 25 business days after Shaugh-nessy’s request. Unlike the request involved in count one, this request did not require a subject-matter search. As explained above, however, it is not the initial search but Cleveland’s subsequent retrieval and review of each document that requires more than a few days. Cleveland was also simultaneously responding to Shaughnessy’s October 10, 2014 request, which it completed on November 17, 2014. Given these circumstances, Cleveland’s response was timely.

*617
Count Three

{¶ 19} Count three concerns Shaughnessy’s January 26, 2015, certified-mail request for every police incident report from January 8 through January 14, 2015, involving felonious assaults or assaults causing serious harm but excluding domestic violence, elder abuse by a caregiver, or assault upon a minor. Cleveland received Shaughnessy’s request on January 29, 2015, and on that same day produced a list of 19 responsive reports. Cleveland produced 68 pages of responsive records on February 17, 2015, or 12 business days after receipt of Shaughnessy’s request.
{¶ 20} Once again, Shaughnessy’s request was improper, because it asked Cleveland to search for records containing select information and excluding other information. Shaughnessy requested reports that referred to felonious assaults or assaults causing serious harm and then asked Cleveland to cull out the reports that involved domestic violence, elder abuse by a caregiver, or assault upon a minor. As in count one, Cleveland could have denied Shaughnessy’s request and asked him to revise it. But once again, Cleveland obliged him by searching for responsive records by subject matter, retrieving the search results by police-report number, excluding the records that he specified, and then reviewing and redacting exempt information before producing the reports. Given all these steps, Cleveland’s response was timely.

Counts Four and Five

{¶ 21} On February 2, 2015, Shaughnessy requested by certified mail copies of every police incident report made during a seven-day period involving felonious assault or assaults causing serious harm, but excluding domestic violence, elder abuse by a caregiver, or assault upon a minor. On February 6, 2015, he sent an identical request for reports made during a different seven-day period. In response to the February 2 request, Cleveland produced 136 pages of records on March 24, 2015, 31 business days after Cleveland’s receipt of the request on February 6, 2015. In response to the February 6 request, Cleveland produced 141 pages of records on March 25, 2015, also 31 business days after receipt of the request on February 9, 2015.
{¶ 22} While 31 business days may appear to stretch the outer limits of reasonableness, we should note that, again, Shaughnessy’s requests were improper because they asked Cleveland not only to retrieve records containing selected information but also to cull out the ones that he did not want. In addition, we have to examine Cleveland’s response time in the context of the frequency and volume of Shaughnessy’s requests. He submitted three requests in the span of two weeks. His requests on January 26, February 2, and February 6 combined resulted in 345 pages of responsive records. And each of these requests required the city to search for responsive records by subject matter, exclude the records *618 Shaughnessy did not want, retrieve responsive records by police-report number, and then review the records for possible redactions. Under these circumstances, and considering that Shaughnessy’s requests were improper from the outset, Cleveland’s response time was reasonable.
CONCLUSION
{¶ 23} We conclude that Shaughnessy has not shown that Cleveland had a clear legal duty to produce, or that he had a clear legal right to receive, the records he requested within eight business days. We deny Shaughnessy’s request for a writ of mandamus and deny his request for statutory damages.
Writ denied.
O’Connor, C.J., and Pfeifer, O’Donnell, Lanzinger, French, and O’Neill, JJ., concur.
Kennedy, J., dissents, with an opinion.