[Cite as *Anderson v. Greater Cleveland Regional Transit Auth.*, 2018-Ohio-3653.]

| | |
|---|---|
| JASON A. ANDERSON | Case No. 2018-00593PQ |
| Requester | Special Master Jeffery W. Clark |
| v. | REPORT AND RECOMMENDATION |
| GREATER CLEVELAND REGIONAL TRANSIT AUTHORITY | |
| Respondent | |

{¶1} Ohio's Public Records Act, R.C. 149.43, provides a remedy for production of records under R.C. 2743.75 if the court of claims determines that a public office has denied access to public records in violation of R.C. 149.43(B). The policy underlying the Act is that "open government serves the public interest and our democratic system." *State ex rel. Dann v. Taft,* 109 Ohio St.3d 364, 2006-Ohio-1825, 848 N.E.2d 472, ¶ 20. Therefore, the Act is construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records. *State ex rel. Glasgow v. Jones,* 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶ 13. Claims under R.C. 2743.75 are determined using the standard of clear and convincing evidence. *Hurt v. Liberty Twp.*, 5th Dist. Delaware No. 17CAI050031, 2017-Ohio-7820, ¶ 27-30.

{¶2} On January 18, 2018, January 23, 2018,[1] and March 29, 2018, requester Jason Anderson and representatives acting on his behalf made 94 public records requests to respondent Greater Cleveland Regional Transit Authority (RTA). (Complaint at 2-15; Response, Exh. B.) The RTA provided thousands of pages of responsive records, noted that several of the requests were overly broad, and indicated that it had

---

[1] Anderson attached a request dated January 16, 2018 from Robert Smith, III. The RTA attached an identical request, except for a January 23, 2018 date of creation and receipt. The RTA's correspondence with Anderson references the January 23, 2018 date. Although the dates do not affect the analysis significantly, the January 23, 2018 date is supported by the greater weight of evidence.

no records responsive to some requests. (Response at 2, 5-6; Jackson Aff. at ¶ 5-17; Exhs. C-E, G, I.)

**{¶3}** On April 4, 2018, Anderson filed a complaint under R.C. 2743.75 alleging public records access violations by the RTA. The complaint failed to attach the responses of the RTA as required by R.C. 2743.75(D)(1), or to state with clarity how access to public records had been denied. The court directed Anderson to submit an amended complaint separately listing each request for which he was seeking relief and referencing the request letter(s) in which it was made. (April 9, 2018, Order.) On April 27, 2018, Anderson filed an amended complaint in which he alleged that the RTA had failed to make records available within a reasonable period of time with respect to fourteen of the original 94 requests. R.C. 149.43(B)(1). (Am. Complaint at 2-3.) On July 11, 2018, the court was notified that the case had not been fully resolved in mediation. On July 24, 2018, the RTA filed its response to the amended complaint (Response) asserting that under the facts and circumstances of this case it had provided records within a reasonable period of time. On August 13, 2018, Anderson filed a reply.

### Requirement to Provide Records Timely

**{¶4}** A public office must "promptly" prepare records if inspection is requested, and must provide copies "within a reasonable period of time." R.C. 149.43(B)(1). "Promptly" means "without delay and with reasonable speed" and its meaning "depends largely on the facts in each case." *State ex rel. Wadd v. Cleveland,* 81 Ohio St.3d 50, 53, 689 N.E.2d 25 (1998). Similarly, "reasonable period of time" is evaluated based on the facts and circumstances of each case. *State ex rel. Shaughnessy v. Cleveland*, 149 Ohio St.3d 612, 2016-Ohio-8447, 76 N.E.3d 1171, ¶ 8-22. *See also State ex rel. Cincinnati Enquirer v. Pike Cty. Coroner's Office*, 153 Ohio St.3d 63, 2017-Ohio-8988, 101 N.E.3d 396, ¶ 58; *State ex rel. Morgan v. Strickland*, 121 Ohio St.3d 600, 2009-Ohio-1901, 906 N.E.2d 1105, ¶ 10, 16-17. A public office is not required to respond to

all public records requests within any arbitrary number of days. *Shaughnessy, supra*, at ¶ 14-15.

{¶5} The requests at issue were made on January 23, 2018 by Anderson's counsel, Robert Smith, III. (Response, Exh. B; Complaint at 2-5.) Anderson references fourteen specific requests[2] from Smith's letter as having not been turned over in a reasonable amount of time. (Am. Complaint at 2-3.) In response, the RTA provides the following testimony from Associate Counsel Jennifer B. Jackson, who supervised its responses to the requests at issue:

> By February 26, 2018, GCRTA had responded to all of Attorney Smith's public records requests from January 23, 2018. The response included 1284 pages of records from the files of 30 TP officers, including video and audio files. A true and correct copy of GCRTA's response (excluding the records themselves) is attached as Exhibit E.

(Jackson Aff. at ¶ 14.) Anderson does not directly contradict Jackson's account, stating instead:

> The initial request for the records listed was on 1/16/2018 by my Attorney Robert Smith III. I resubmitted an additional request listing the same requests on 03/29/2018. April 26, 2017 [sic] made 100 days since the requests were made along with the additional records requests that were submitted by myself.

(Reply at 2.) Anderson appears to allege that he had not received all records responsive to both Smith's letter, and Anderson's March 29, 2018 letter, by April 26, 2018. Although Anderson states that he "resubmitted an additional request *listing the same requests* on 03/29/2018" as the Smith request (*Id.*), comparison of the two letters shows that Smith requests Nos. 2, 3, 9, 10, 13, 15, 18, 20, and 29 are not repeated in Anderson's March 29, 2018 letter. Of the five Smith requests that do correspond to requests in the March 29, 2018 letter, one has no overlap as to the records requested, and none are identical. (Compare Smith requests Nos. 8, 11, 14, 24 [sic], and 28 [sic] with Anderson requests

---

[2] Anderson references incorrect paragraphs in Smith's letter for the last three requests. Instead of 24, 28 and 29, the subject matter described for these requests is found in paragraphs 27, 31 and 32.

Nos. 7, 24, 27, 16, and 26.) Therefore, Anderson's statement regarding the RTA's collective response to both letters is not necessarily inconsistent with Jackson's testimony that the responses to the Smith requests that form the basis of Anderson's claim were completed on February 26, 2018. In determining the facts and circumstances of this case, Anderson's largely inaccurate statement does not amount to clear and convincing evidence that the RTA's response to the January 23, 2018 requests took any longer than the period stated by Jackson. The RTA has established by affidavit that the responsive records were provided within twenty-three business days, and Anderson fails to rebut this assertion with any evidence showing a genuine issue of fact. *See Strothers v. Norton*, 131 Ohio St.3d 359, 2012-Ohio-1007, 965 N.E.2d 282, ¶ 13, 22-23 (uncontroverted affidavit established compliance, and requester did not submit the requisite clear and convincing proof to the contrary). *See also State ex rel. Fant v. Flaherty,* 62 Ohio St.3d 426, 427, 583 N.E.2d 1313 (1992); *State ex rel. Mun. Constr. Equip. Operators' Labor Council v. Cleveland*, 8th Dist. Cuyahoga No. 83057, 2004-Ohio-1261, ¶ 9.

{¶6} In defending this response time as reasonable, the RTA asserts that it received hundreds of other public records requests in 2017 and 2018, and that "[d]ue to the sensitivity of peace officer records, it is GCRTA's practice to permit affected TP officers to review what GCRTA is releasing in response to public records requests." (Response at 4, 5, fn. 6; Jackson Aff. at ¶ 12-13, 18.) However, the fact that a public office deals with many other public records requests is not an acceptable excuse for delay:

> Respondents emphasize that Cleveland faces a "volume of reports that would undoubtedly overwhelm * * * smaller communities." These assertions, however, do not absolve respondents' failure to act with the requisite promptness in preparing and providing access to accident reports because "'no pleading of too much expense, or too much time involved, or too much interference with normal duties, can be used by the respondent to evade the public's right to inspect and obtain a copy of public records within a reasonable time.'" *State ex ref. Fox v. Cuyahoga*

> *Cty. Hosp. Sys.* (1988), 39 Ohio St.3d 108, 111, 529 N.E.2d 443, 446, quoting *State ex ref. Beacon Journal Publishing* Co. *v. Andrews* (1976), 48 Ohio St.2d 283, 289, 2 Ohio Op.3d 434, 437, 358 N.E.2d 565, 569.

*Wadd v. Cleveland, supra,* at 53-54. Likewise, no Ohio case holds that an office practice of permitting employees to review personnel files before release may be used to excuse delay in producing the records. Therefore, these factors will not be taken into account in determining whether the RTA responded within a reasonable period of time.

{¶7} The RTA further noted that peace officer personnel files are subject to more public records exceptions than typical employee files, that personnel files of retired or former RTA peace officers were archived in offsite storage facilities and had to be ordered back from storage, and that the records were evaluated by legal staff to determine that appropriate redactions had been made and justified. (Response at 6; Jackson Aff. at ¶ 9, 11.) These are relevant factors in evaluating timeliness. Public offices may take the time reasonably necessary to retrieve, analyze, and redact requested records, including time to secure legal advice. *Shaughnessy, supra*, at ¶ 12, 22; *State ex rel. Patituce & Assocs. v. Cleveland*, 8th Dist. Cuyahoga No. 104837, 2017-Ohio-300, ¶ 9-10 (January 20, 2017) (police personnel files). Finally, the RTA commenced this process immediately on receipt of Smith's request letter; that is, without delay. (Response at 5, Jackson Aff. at ¶ 6.)

{¶8} Anderson and his representatives made voluminous, overlapping requests that required clarification, off-site retrieval, scanning to .pdf format for the requested email delivery, and legal counsel's review of thousands of pages of law enforcement records. (Response at 2, 5-6; Jackson Aff. at ¶ 5-14; Exhs. B, F, H.) In *Shaugnessy,* a case involving requests for searches for types of criminal offenses and careful review of law enforcement records, the Supreme Court found that response times of 12 to 31 business days for each such request was reasonable. *Id.* at ¶ 17, 19, 21. *See also Patituce* at ¶ 2, 7-10 (75 calendar days to provide personnel records of nine Gang Impact Unit employees was found to be a reasonable period of time). I find that

under the facts and circumstances of this case the 23 business days taken by the RTA to provide records responsive to Smith's requests was a reasonable period of time.

{¶9} Although some wording in the amended complaint remains confusing, I find that Anderson specifically listed only the fourteen requests evaluated above as the basis for his claim. His general reference to one of the additional request letters, from March 29, 2018 (Am. Complaint at 3), does not specify any individual request for which he claims untimely response, and thus did not satisfy the court's order to provide a short and plain statement showing that he is entitled to relief. Civ.R. 8(A). However, even were the court to consider Anderson's March 29, 2018 requests, the RTA submitted testimony that the responsive records thereto were provided by May 10, 2018. (Jackson Aff. at ¶ 15-17.) The response time for the March 29, 2018 requests was thus 29 business days. Under the facts and circumstances of the case, this response was reasonable for the same reasons stated above.

### Conclusion

{¶10} Upon consideration of the pleadings and attachments, I recommend that the court issue an order DENYING Anderson's claim that the RTA failed to provide requested public records within a reasonable period of time.

{¶11} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

JEFFERY W. CLARK
Special Master

**Filed August 21, 2018**
**Sent to S.C. Reporter 9/10/18**