[Cite as *DeCrane v. Cleveland*, 2018-Ohio-3476.]

| | |
|---|---|
| SEAN P. DECRANE | Case No. 2018-00356PQ |
| Requester | Special Master Jeffery W. Clark |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| CITY OF CLEVELAND | |
| Respondent | |

{¶1} Ohio's Public Records Act, R.C. 149.43, provides a remedy for production of records under R.C. 2743.75 if the court of claims determines that a public office has denied access to public records in violation of R.C. 149.43(B). The policy underlying the Act is that "open government serves the public interest and our democratic system." *State ex rel. Dann v. Taft,* 109 Ohio St.3d 364, 2006-Ohio-1825, 848 N.E.2d 472, ¶ 20. Therefore, the Act is construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records. *State ex rel. Glasgow v. Jones,* 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶ 13. Claims under R.C. 2743.75 are determined using the standard of clear and convincing evidence. *Hurt v. Liberty Twp.*, 5th Dist. Delaware No. 17CAI050031, 2017-Ohio-7820, ¶ 27-30.

{¶2} On February 16, 2018, Subodh Chandra sent a letter to respondent City of Cleveland making a public records request on behalf of requester Sean DeCrane for the following:

1. Personnel records for firefighter Larry Moore including all records of training and discipline for the time period January 1, 2017 to the present;

2. the current drug-testing policy for the Division of Fire; and

3. all correspondence from the Division of Fire's drug-testing contractor between December 1, 2017 and February 1, 2018.

(Complaint at 2.) The Cleveland Public Records Section (PRS) acknowledged receipt the same day, stating that the request was being processed for response. (*Id*. at 4.) On

February 20, 2018, the PRS asked, "Can you please clarify, correspondence to whom are you requesting [sic]." (Response, Amos Aff. at ¶ 4.) Requester answered on February 21, 2018:

> The request seeks all correspondence from the Division of Fire's drug-testing contractor between the specified dates, regardless of the individual recipients. To the extent any other city department received correspondence unrelated to the Division of Fire from the same drug-testing contractor, we do not request such correspondence.

(*Id.* at ¶ 5.) On March 5, 2018, the PRS sent the City's response to the clarified request:

> The City has reviewed its files and has located responsive records to your request. This response includes responsive records for parts 1 and 2 of your request. The 3rd part of your request is overly broad under Ohio R.C. 149.43(B)(2). We are unable to determine what communications you seek due to lack of specificity. If you wish, please resubmit your request and provide clarification and specificity as to what type of communications you seek and who the communicators are. Please log in to the Cleveland Public Records Center at the following link to retrieve the appropriate responsive documents.
>
>       * * *
>
> If you have any questions, or wish to discuss this further, please email publicrecords@city.cleveland.oh.us or call 216-664-2772.

(*Id.* at ¶ 6.) DeCrane made no further contact with the PRS regarding these requests. (*Id.* at ¶ 8.)

{¶3} On March 6, 2018, DeCrane filed a complaint under R.C. 2743.75 alleging denial of access to public records in violation of R.C. 149.43(B). Following unsuccessful mediation, the City filed its answer (Response) on June 13, 2018 stating that it had timely produced records responsive to requests Nos. 1 and 2, and that it had properly denied request No. 3 as ambiguous and overly broad. DeCrane filed a reply on June 26, 2018 in which he accepted that the City had provided all records responsive to requests Nos. 1 and 2. (Reply at 1.) In response to the court's June 14, 2018 order to "identify in as much detail as possible what specific, existing records the City has failed to produce that are responsive to" request No. 3, DeCrane stated: "responsive

correspondence that would likely include information regarding drug tests failed by City of Cleveland employees and the City official's reactions to those drug tests." (*Id.*)

{¶4} I find that requests Nos. 1 and 2 were timely satisfied prior to the filing of the complaint, and are therefore moot. *State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶ 18-22. For reasons that follow, I find that the City properly denied request No. 3 as ambiguous and overly broad.

**Ambiguous and Overly Broad Request**

{¶5} A public office may deny an ambiguous or overly broad public records request. R.C. 149.43(B)(2). In making a request, "it is the responsibility of the person who wishes to inspect and/or copy records to identify with reasonable clarity the records at issue." *State ex rel. Zidonis v. Columbus State Community College*, 133 Ohio St.3d 122, 2012-Ohio-4228, 976 N.E.2d 861, ¶ 21. A request for an entire category or type of records is overly broad and therefore unenforceable:

> A general request, which asks for everything, is not only vague and meaningless, but essentially asks for nothing. At the very least, such a request is unenforceable because of its overbreadth. At the very best, such a request is not sufficiently understandable so that its merit can be properly considered.

*State ex rel. Zauderer v. Joseph*, 62 Ohio App.3d 752, 756, 577 N.E.2d 444 (10th Dist. 1989). A request for all email to and from a public official for a five-month period was found overly broad and improper in *State ex rel. Glasgow v. Jones*, 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶ 4-5, 16-19. *Accord Zidonis* at ¶ 28-32 (all email between an employee and supervisor for a period of years); *State ex rel. Bristow v. Baxter*, 6th Dist. Erie Nos. E-17-060, E-17-067, E-17-070, 2018-Ohio-1973, ¶ 2, 12-16 (requests for email sent and received by multiple employees for one-month periods); *Salemi v. Cleveland Metroparks*, 8th Dist. Cuyahoga No. 100761, 2014-Ohio-3914, ¶ 26 (checks, agreements, meeting minutes, emails, and letters that relate to marketing of golf course). *But see State ex rel. Carr v. London Corr. Inst.,* 144 Ohio St.3d 211, 2015-

Ohio-2363, 41 N.E.3d 1203, ¶ 25-29 (request for communication between one person and a specific department for two months found not overly broad). A request for an officewide search for records referencing an individual is improper. *State ex rel. Dillery v. Icsman*, 92 Ohio St.3d 312, 314, 750 N.E.2d 156 (2001) (request for "any and all records generated * * * containing any reference whatsoever to Kelly Dillery"). A request for communication is ambiguous or overly broad when it identifies correspondents only as belonging to titles, groups or categories for which research is required to establish their membership. *State ex rel. Oriana House, Inc. v. Montgomery*, 10th Dist. Franklin Nos. 04AP-492, 04AP-504, 2005-Ohio-3377, ¶ 9, overturned on other grounds, 107 Ohio St.3d 1694, 2005-Ohio-6763, 840 N.E.2d 201; *Gannett GP Media, Inc. v. Ohio Dept. of Pub. Safety*, Ct. of Cl. No. 2017-00051-PQ, 2017-Ohio-4247, ¶ 11.

{¶6} A public records request is also unenforceable if it is too vague or indefinite to be properly acted on by the records holder. *State ex rel. Dehler v. Spatny*, 11th Dist. No. 2009-T-0075, 2010-Ohio-3052, ¶ 4, 18, *aff'd*, 127 Ohio St.3d 312, 2010-Ohio-5711. Indeed, without sufficient specificity for a court to order clear terms of compliance with the request, the court cannot enforce any alleged non-compliance.

{¶7} Separately, a public office is not obliged to "seek out and retrieve those records which would contain the information of interest to the requester." *State ex rel. Fant v. Tober*, 8th Dist. Cuyahoga No. 63737, 1993 Ohio App. LEXIS 2591, *3 (April 28, 1993). *See Shaughnessy v. Cleveland,* 149 Ohio St.3d 612, 2016-Ohio-8447, 76 N.E.3d 1171, ¶ 10-11, 19-22 (request to retrieve records containing selected information, and cull out the ones requester did not want); *State ex rel. O'Shea & Assocs. Co., L.P.A. v. Cuyahoga Metro. Hous. Auth.*, 190 Ohio App.3d 218, 2010-Ohio-3416, ¶ 7-11 (8th Dist.) (request for records containing information about personal injury claims), *rev'd in part on other grounds*, 131 Ohio St.3d 149, 2012-Ohio-115, 962 N.E.2d 297; *State ex rel. Morgan v. Strickland*, 121 Ohio St.3d 600, 2009-Ohio-1901, 906

N.E.2d 1105, ¶ 14-15 (request for "[a]ny and all email communications * * * which reference * * * the 'evidence-based model' or education funding in general") (first ellipsis sic).

**Request No. 3: "*all correspondence from the Division of Fire's drug-testing contractor between December 1, 2017 and February 1, 2018.*"**

{¶8} Determination of whether a request is overly broad is based on the facts and circumstances in each case. *Zidonis* at ¶ 26. Applying the law to the facts herein:

{¶9} First, DeCrane has requested "all correspondence," which would include both paper and electronic communications.

{¶10} Second, the request is not limited to correspondence between identified persons. The City twice requested DeCrane to provide more specificity as to the records requested, including "who the communicators are." (Response at 2-3; Amos Aff. at ¶ 5, 6.) DeCrane did not do so.

{¶11} Third, the request is not limited to specific subjects. Since the Division of Fire's drug-testing contractor "also performs medical evaluations, hiring physicals, return to work physicals, * * * and many other medical services" (Response at 7), "all correspondence from" the contractor would sweep in correspondence regarding these services as well. The City requested DeCrane to "provide clarification and specificity as to what type of communications you seek." (Response at 2-3; Amos Aff. at ¶ 6.) DeCrane did not do so.

{¶12} Fourth, neither DeCrane nor the City states that even the drug-testing correspondence from the contractor is kept in one file or location in the City offices. To the contrary, the City confirms that correspondence from the contractor would appear in other departments, because the same contractor is "the drug testing contractor for the entire City, creating a broad category of records and locations where records could be found." (Response at 2.) The request thus requires an officewide search. At the City's request, DeCrane clarified that:

> To the extent any other city department received correspondence unrelated to the Division of Fire from the same drug-testing contractor, we do not request such correspondence.

At best, the request as clarified would still require the City to search the entire office for correspondence from the contractor, and then cull out the correspondence that was entirely "unrelated" to the Division of Fire, a process rejected in *Shaughnessy, supra.*

{¶13} Fifth, "all correspondence from the * * * contractor" is unlikely to be located through a simple word search through City email using the contractor's name (even if that retrieval method is available), and the City's written correspondence is not subject to automated retrieval. "The City does not maintain any system where is [sic] can search for 'all correspondence' (electronic, telephonic, hard copy or otherwise) simply by the name of an outside company." (Response at 7.) Thus, DeCrane's request would require the City to identify not only the unnamed Division of Fire drug-testing contractor (which it has, without objection) but also the contractor's staff email addresses, officer and employee names, phone numbers, post office box numbers, and street addresses as identifiers of responsive correspondence. Rather than identifying particular records that he seeks, DeCrane is asking for a research project on correspondent identifiers, followed by a manual search throughout the office for all correspondence from those correspondents.

{¶14} Sixth, while the two-month time period sought would not by itself render an otherwise proper request invalid, neither does it, by itself, save the request from ambiguity and overbreadth.

{¶15} Seventh, when required to "identify in as much detail as possible what specific, existing records the City has failed to produce that are responsive to this request," DeCrane responded only that "[t]he City has not provided responsive correspondence that would likely include *information regarding drug tests failed* by City of Cleveland employees and the *City official's reaction to those drug tests.*" Neither phrase identifies specific existing records, and the ambiguous reference to "City

official's reaction" does not appear to fall within the original request for only correspondence *from* the drug testing contractor.

{¶16} Instead of identifying with reasonable clarity the records sought, DeCrane's request requires the City to conduct a search through the voluminous correspondence of multiple City departments, using addresses and other identifiers that the City would first need to research. After compiling the results of this research against correspondence from the two months specified, the City is requested to cull out any correspondence "unrelated to" the Division of Fire. Applying the law to these facts and circumstances, I find that this request is both ambiguous and overly broad, and was properly denied.

### Conclusion

{¶17} Upon consideration of the pleadings and attachments, I recommend that the court find that DeCrane has failed to establish by clear and convincing evidence that the City violated R.C. 149.43(B). Accordingly, I recommend that the court issue an order DENYING DeCrane's claim for production of records. I further recommend that court costs be assessed to requester.

{¶18} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

JEFFERY W. CLARK
Special Master

**Filed July 5, 2018**
**Sent to S.C. Reporter 8/29/18**