[Cite as *Di Fiore v. Shaker Hts.*, 2026-Ohio-1978.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

GOFFREDO J. DI FIORE,  :

    Requestor-Appellant,  :

    v.  :

                  No. 115867

CITY OF SHAKER HEIGHTS,  :

    Respondent-Appellee.  :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 28, 2026

---

Civil Appeal from the Court of Claims
Case No. 2025-00520PQ

---

***Appearances:***

Goffredo J. Di Fiore, *pro se.*

William M. Ondrey Gruber, Director of Law, City of Shaker Heights, *for appellee.*

---

MARY J. BOYLE, P.J.:

{¶ 1} Requester-appellant Goffredo Di Fiore ("Di Fiore"), pro se, appeals the decision from the Ohio Court of Claims granting respondent-appellee the City of Shaker Heights' (referred to as "City" or "Department") motion to dismiss. He raises the following two assignments of error for review:

**Assignment of Error I:**  The trial court erred as a matter of law by holding that a four-day delay is "reasonable" per se to review a non-exempt traffic citation physically held by the custodian, particularly when the requester is the subject of the record (negating privacy concerns) and no redactions were ultimately made.

**Assignment of Error II:**  The trial court abused its discretion by finding the City's delay "reasonable" in the complete absence of competent evidence explaining the specific delay, failing to enforce the burden-shifting requirement that compels a public office to justify any delay with competent evidence.

{¶ 2}    For the reasons set forth below, we affirm.

## I.  Facts and Procedural History

{¶ 3}    On January 23, 2025, the Shaker Heights Police Department ("Department") issued Di Fiore a traffic ticket for driving 40 m.p.h. in a 25 m.p.h. zone.  On Monday, January 27, 2025, Di Fiore visited the Department and requested a copy of the traffic ticket pursuant to Ohio's Public Records Act.  According to Di Fiore, on that day, the physical citation was retrieved in his presence but the records supervisor denied his request for immediate inspection.  Di Fiore also requested the following six records:

1.  Legible Copies of Citation number SH:F364782:

- Complete ALL uniform traffic ticket copies (front/back), officer notes, and court filings.

- A clear copy of the cited ordinance text (to verify the charge).

2.  Bodycam/Dashcam Footage:

- Recordings from the traffic stop associated with citation SH:F364782.

3.  Speed-Measuring Device Information:

- Existing records indicating the make, model, and type of laser radar/LIDAR devices used by the [Department] during traffic enforcement.

Here are the calibration/maintenance records for the specific device(s) used by [the Officer] in connection with citation SH:F364782 for the past month and the day the citation was issued.

(Complaint, May 27, 2025.) On both Tuesday, January 28, 2025, and Monday, February 3, 2025, Di Fiore again requested inspection of the traffic ticket. The City provided the documents Di Fiore requested, unredacted, on February 3, 2025.

{¶ 4} Then in May 2025, Di Fiore filed a pro se complaint in the Court of Claims seeking a judgment that the City violated R.C. 149.43(B)(1) by failing to provide prompt access to his traffic ticket on January 27, 2025, and by unreasonably delaying his access to the ticket until February 3, 2025. R.C. 149.43(B)(1) provides that "upon request by any person, a public office or person responsible for public records shall make copies of the requested public record available to the requester at cost and within a reasonable period of time."

{¶ 5} In response, the City filed a motion to dismiss, alleging that it provided all the documents Di Fiore requested, unredacted, on February 3, 2025, which was within five business days after the request and within a reasonable time.[1] The matter proceeded before a special master who issued a report and recommendation ("Report"), recommending that the court deny the City's motion, finding that it unreasonably delayed production of the ticket. The special master reasoned that (1) the request involved limited material and presented no redaction

---

[1] The records included a flash drive with the unredacted videos Di Fiore requested.

issue "because the Department waived any exceptions to the Public Records Act by previously allowing [Di Fiore] to inspect the ticket"; (2) the ticket was readily available; and (3) the Department did not offer a credible explanation for its delay. (Report, Aug. 12, 2025.) The special master also ordered the City to reimburse the filing fee and Di Fiore's costs and ordered the City to "bear the balance of the costs of this case." (Report, Aug. 12, 2025.)

{¶ 6} The City filed objections to the special master's Report, arguing that the special master erred in finding that it unreasonably delayed Di Fiore's access to the ticket. In support of its objections, the City contended the special master misstated the facts presented in Di Fiore's complaint by stating that "[o]n January 27, 2025, he went to the Department's office and asked to inspect the ticket. He was permitted to do so. Later that day he delivered a written request for a copy of the ticket, along with other records." (Report, Aug. 12, 2025.) According to the City, Di Fiore alleged in his complaint that he visited the Department only once on January 27, 2025, and was not allowed to view the ticket on that day.

{¶ 7} The City argued that this misstatement of fact is critically important because the special master found that there were no redaction issues since the Department waived any exception to the Public Records Act by previously allowing Di Fiore to inspect the ticket. The City further contended that the special master ignored the fact that Di Fiore had a copy of the driver's portion of the ticket and the special master mistakenly suggested that the Department tried to evade the public's right to inspect and obtain a copy the public records within a reasonable time. Di

Fiore filed a response to the City's objections in which he confirmed that he was not permitted to inspect the ticket on January 27, 2025.

{¶ 8} On October 22, 2025, the Court of Claims reviewed the City's objections and Di Fiore's response and rejected the special master's Report. The court noted both parties agreed that the special master erred in finding that Di Fiore was able to inspect the ticket on January 27, 2025. The court then stated:

> [T]he Court finds that the Special Master erred in finding that Di Fiore was permitted to inspect the ticket on January 27, 2025, and thus erred in finding that the Department waived any exceptions and redactions. Because of this factual error, the Court finds that the Special Master also erred in his analysis of the delay claim.
>
> The Special Master erroneously found that because the Department permitted Di Fiore to inspect the ticket there were no redaction issues and these facts strongly supported a finding of unreasonable delay. Because Di Fiore was not permitted to inspect the ticket, the Department did not waive any redactions and should be afforded time to make appropriate redactions. The Special Master's other reasons for finding unreasonable delay include that the ticket was on site and that the Department did not offer a credible explanation for its delay. However, Di Fiore initially requested the ticket, among other records, on January 27, 2025. He received an unredacted copy of the ticket on February 3, 2025. The Court finds that, under the circumstances, four business days to examine the ticket to determine if any redactions were appropriate is reasonable and the Department did not unreasonably delay production of the record.

(Decision and entry, Oct. 22, 2025.) The court sustained the City objections, in part, granted the City's motion to dismiss, and denied Di Fiore's claims.

{¶ 9} It is from this order that Di Fiore appeals under R.C. 2743.75, raising two assignments of error for review.

## II. Law and Analysis

### A. Standard of Review

{¶ 10} In *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, the Ohio Supreme Court explained our standard of review as follows:

> Ohio's courts of appeals have applied the standard of appellate review applicable to such mixed questions of law and fact, reviewing the application of a claimed exemption de novo while according due deference to the trial court's factual determinations.

*Id.* at ¶ 39, citing *Hurt v. Liberty Twp.*, 2017-Ohio-7820, ¶ 31-33; *Sheil v. Horton*, 2018-Ohio-5240, ¶ 20.

### B. Four Days was Reasonable[2]

{¶ 11} In the first assignment of error, Di Fiore argues the court erred by finding that that a four-day delay for his public-records request was "reasonable." While Di Fiore acknowledges that custodians need time to review records for exemptions, he contends that this review must be necessary and R.C. 149.43(B)(1) requires that the records must be made available "promptly." And in this case, because the requester was the subject of the record, the Department's "review for redactions" was legally superfluous. Di Fiore contends that this review was not justified because ultimately, the Department did not have any redaction issues. Essentially, Di Fiore asks this court to interpret the statutory requirement that

---

[2] We note both parties acknowledge that it took the City five business days to complete Di Fiore's public-records request. We refer to the delay as "four days," which is the time frame as calculated by the Court of Claims and referenced by Di Fiore in his assigned errors.

public records be provided "promptly" to mean that records must be provided "immediately." We disagree.

{¶ 12} As stated above, R.C. 149.43(B)(1) provides that "upon request by any person, a public office or person responsible for public records shall make copies of the requested public record available to the requester at cost and within a reasonable period of time." Whether the public office "complied with [its] statutory duty to timely provide copies of the requested records depends upon all of the pertinent facts and circumstances." *State ex rel. Morgan v. Strickland*, 2009-Ohio-1901, ¶ 10, citing *State ex rel. Consumer News Servs., Inc. v. Worthington City Bd. of Edn.*, 2002-Ohio-5311, ¶ 37-38. Additionally, we note that "'R.C. 149.43(A) envisions an opportunity on the part of the public office to examine records prior to inspection in order to make appropriate redactions of exempt materials.'" *Id.* at ¶ 16, quoting *State ex rel. Warren Newspapers, Inc. v. Hutson*, 70 Ohio St.3d 619, 623 (1994).

{¶ 13} In support of his argument that "promptly" requires immediate release, Di Fiore relies on *State ex rel. Steckman v. Jackson*, 70 Ohio St.3d 420 (1994). Di Fiore's reliance, however, is misplaced. The *Steckman* case involved public-records requests of criminal defendants during their respective criminal proceedings. The Court found that "except as required by Crim.R. 16, information assembled by law enforcement officials in connection with a probable or pending criminal proceeding is, by the work product exception found in R.C. 149.43(A)(2)(c), excepted from required release as said information is compiled in anticipation of litigation." *Id.* at 435. The *Steckman* Court further held that the work-product

exception does not include ongoing routine offense and incident reports, which "are subject to immediate release upon request." *Id.*

{¶ 14} However, the Ohio Supreme Court has subsequently recognized that police incident reports may be reviewed for potential redactions to prevent the disclosure of exempt information. *See State ex rel. Myers v. Meyers*, 2022-Ohio-1915, ¶ 46, citing *State ex rel. Shaughnessy v. Cleveland*, 2016-Ohio-8447 ¶ 12, and *State ex rel. Beacon Journal Publishing Co. v. Akron*, 2004-Ohio-6557, ¶ 55. Indeed, the *Shaughnessy* Court stated that because Ohio's Public Records Act excludes certain information from the definition of a public record, "[p]ublic offices therefore often find it necessary to conduct a legal review of responsive records and to redact non-public-record information . . . [a]nd . . . police incident reports are subject to redactions to prevent the disclosure of exempt information." *Id.* at ¶ 12, citing *State ex rel. Beacon Journal Publishing Co. v. Akron*, 2004-Ohio-6557, ¶ 55-56.

{¶ 15} Here, on January 27, 2025, Di Fiore requested complete copies of his traffic citation, body- and dashboard-camera footage, general equipment specifications, a month of equipment maintenance logs, statutory and judicial information, law officer notes, and informal guidance on equipment usage (absent formal documentation of RADAR/LIDAR logs). While the City's records custodian had the ticket in her hand on January 27, the ticket had not been processed, and the custodian did not allow Di Fiore to inspect the ticket at that point in time. The ticket did not officially appear on the Shaker Heights Municipal Court docket until two

days later, on January 29. The Department provided Di Fiore with the extensive documents listed above, unredacted, on February 3, 2025.

{¶ 16} The Court of Claims found that, by retaining possession of the ticket, the City did not waive the right to review it for redaction. We agree. In reaching this determination, the Court of Claims noted the special master erroneously found that because the Department permitted Di Fiore to inspect the ticket there were no redaction issues and these facts strongly supported a finding of unreasonable delay. Because of this factual error, the Court of Claims found that the special master also erred in his analysis of the delay. The fact that the City's review ultimately revealed no information requiring redaction does not retroactively prevent the City from having the opportunity to conduct the review process. A determination that no redaction is warranted can only be made after the review occurs — it cannot be made before the review is conducted. Given these circumstances, we find that the Court of Claims did not abuse its discretion in concluding that four business days to examine the ticket, the body- and dashboard-camera footage, general equipment specifications, a month of equipment maintenance logs, statutory and judicial information, law officer notes, and informal guidance on equipment usage to determine if any redactions were appropriate and reasonable and the Department did not unreasonably delay production of the record.[3]

{¶ 17} Accordingly, the first assignment of error is overruled.

---

[3] Regardless if the delay was four business days or five, we still find that it was reasonable because of Di Fiore's extensive request.

### C. Burden of Proof

{¶ 18} In the second assignment of error, Di Fiore, relying on *Welsh-Huggins*, 2020-Ohio-5371, claims that because he established that the request was not promptly fulfilled, the burden of proof "shifted" to the City for withholding the records. He cites to the fact that the City submitted no affidavit from the records supervisor explaining why it took four days to review his traffic ticket and there was no evidence of a backlog or that the ticket was lost or misplaced. He further argues that the court abused its discretion by finding that the four-day response time was reasonable in order to complete a "redaction review" when the City never fully developed this argument with evidence. Di Fiore's argument is misplaced and does not acknowledge that his request was for the dash- and body-cam footage and several other records in addition to the traffic ticket.

{¶ 19} The *Welsh-Huggins* Court addressed the burden of proof that the parties bear in proceedings to enforce the Public Records Act under R.C. 2743.75 and found that these proceedings are consistent with the standards that are applicable to mandamus-enforcement actions. *Id.* at ¶ 32. The Court stated, "[T]he complainant's 'burden of production' is to plead and prove facts showing that the requester sought an identifiable public record pursuant to R.C. 149.43(B)(1) and that the public office or records custodian did not make the record available." *Id.* at ¶ 33. Only when the public office or person responsible for public records refuses to release the requested record on the basis of a statutory exemption, does the burden then shift to public office or person "to plead and prove facts establishing that the

requested record falls squarely within the exemption." *Id.* at ¶ 35, citing *State ex rel. Cincinnati Enquirer v. Jones-Kelly*, 2008-Ohio-1770, paragraph two of the syllabus. The Court further stated that "burden of persuasion" is also on the complainant to prove their "right to relief under R.C. 2743.75 by the requisite quantum of evidence." *Id.* at ¶ 34. In other words, "'the party with the burden of persuasion is to persuade the trier of fact by a preponderance of the evidence, or upon some issues, by clear and convincing evidence.'" *Id.* at ¶ 22, citing *State v. Robinson*, 47 Ohio St.2d 103, 107 (1976).

{¶ 20} In this case, the City did not refuse to release the records on the basis of a statutory exemption. The City complied with Di Fiore's comprehensive public-records request fully and without redaction. Therefore, the burden of proof was at all times on Di Fiore and did not shift to the City. And based on our disposition of the first assignment of error finding that the City provided the records within a reasonable time, Di Fiore did not satisfy his burden of proof — he did not prove that the public office or records custodian did not make the record available, nor did he prove his right to relief under R.C. 2743.75 by clear and convincing evidence.

{¶ 21} Therefore, the second assignment of error is overruled.

{¶ 22} Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.


_____
MARY J. BOYLE, PRESIDING JUDGE

MICHAEL JOHN RYAN, J., and
DEENA R. CALABRESE, J., CONCUR