[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ebersole v. Powell,* Slip Opinion No. 2014-Ohio-4283.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-4283

THE STATE EX REL. EBERSOLE ET AL. *v.* THE CITY OF POWELL ET AL.

[Until this opinion appears in the Ohio Official Reports advance sheets,

it may be cited as *State ex rel. Ebersole v. Powell,*

Slip Opinion No. 2014-Ohio-4283.]

*On reconsideration—Elections—Effect of charter on duties of board of elections—City council has no authority to review the substance of a proposed ballot measure—Writ of mandamus granted.*

(No. 2014-1469—Submitted September 29, 2014—Decided

September 29, 2014.)

ON MOTION FOR RECONSIDERATION.

_____

O'CONNOR, C.J.

{¶ 1} Relators, Brian Ebersole, Sharon Valvona, and Thomas Happensack, commenced this action for a writ of mandamus to compel respondents, the city council of Powell, Ohio ("city council"), and City Clerk Sue Ross, to place relators' proposed charter amendment on the November 4, 2014 ballot.  On September 19, 2014, we held that the terms of the proposed charter

initiative were unconstitutional and therefore that the city council properly refused to place the matter on the ballot.

{¶ 2} On September 22, 2014, relators filed a timely motion for reconsideration. After further reflection, we conclude that it was premature to assess the constitutionality of the proposed ordinance and that the city council abused its discretion by refusing to submit the amendment to the voters. We therefore grant the motion for reconsideration and grant a writ of mandamus.

*Facts*

{¶ 3} The facts of this case are set forth in detail in our earlier opinion. In brief, the city council approved Ordinance No. 2014-10, establishing a development plan for property in downtown Powell, on June 17, 2014. In response, relators circulated petitions in support of three ballot measures, one of which was a proposed amendment to the city charter that would, among other things, nullify Ordinance No. 2014-10.

{¶ 4} On August 19, 2014, the city council found that the charter-amendment petition had a sufficient number of valid signatures to qualify for the ballot. The council then took up Ordinance No. 2014-41, to place the proposed charter amendment on the November ballot, and voted unanimously not to approve that ordinance. The vote to reject Ordinance No. 2014-41 was based on the legal opinion of the city law director that, on its face, the charter amendment constituted an unlawful delegation of legislative authority into private hands.

*Legal Analysis*

{¶ 5} We use our reconsideration authority "to correct decisions which, upon reflection, are deemed to have been made in error." *State ex rel. Huebner v. W. Jefferson Village Council*, 75 Ohio St.3d 381, 383, 662 N.E.2d 339 (1996). Reconsideration is proper in this case because our prior decision allowed the city council to exercise a power it does not possess and veto the placing of the proposed charter amendment on the ballot.

2

**{¶ 6}** In *State ex rel. Polcyn v. Burkhart*, 33 Ohio St.2d 7, 292 N.E.2d 883 (1973), we held that a city council has no authority to review the substance of a proposed ballot measure.

> None of the cases decided by this court * * * should be construed to invest municipal legislative authorities with the power to determine what substantive errors, if any, are grave enough to warrant the withdrawal of a whole issue from the electorate, whether they appear 'on the face' of the petitions or not. That is a judicial function, and Section 9, Article XVIII, does not contemplate that legislative authorities be clothed with that prerogative.

*Id*. at 10-11. It is not the role of the city council to substitute its judgment for that of the voters as to what matters should appear on the ballot. Nor can the city council assess the constitutionality of a proposal, because that role is reserved for the courts.

**{¶ 7}** We have reaffirmed the rule in *Polcyn* on more than one occasion. *See State ex rel. N. Main St. Coalition v. Webb*, 106 Ohio St.3d 437, 2005-Ohio-5009, 835 N.E.2d 1222, ¶ 30-31 (council clerk exceeded her authority by deciding that the initiative petition involved a subject that the village was not authorized to control by legislative action); *Morris v. Macedonia City Council*, 71 Ohio St.3d 52, 55, 641 N.E.2d 1075 (1994) ("The city council's constitutional authority to review the sufficiency of petitions is limited to matters of form, not substance"); *State ex rel. Citizens for a Better Portsmouth v. Sydnor*, 61 Ohio St.3d 49, 53, 572 N.E.2d 649 (1991) (council exceeded its authority by tabling initiative ordinance it opposed because once the form of the petition is approved, council must place it on the ballot).

**{¶ 8}** Intervening respondent has argued for a different result in this case because, it alleges, the Powell City Charter vests the city council with independent authority to assess the validity and sufficiency of petitions. However, the section of the Powell charter identified by intervening respondent as support for its argument does not pertain to charter amendments.

**{¶ 9}** Powell City Charter, Article XII, Section 12.01 governs amendments to the city charter. The rules relating to "Recall, Initiative, [and] Referendum" appear in a separate article, Article VI. And the verbiage about validity and sufficiency appears only in Article VI, not in Article XII.

**{¶ 10}** Specifically, Section 6.02 of the charter, governing initiatives, provides:

> Ordinances and other measures providing for the exercise of any powers of government granted by the Ohio Constitution or the laws of the State of Ohio, may be proposed by initiative petition. * * *
>
>     * * *
>
> * * * If the petition and proposed ordinance are determined by the Council to be sufficient and valid, the council shall, at such regular meeting, read and act upon the same.

By contrast, Section 12.01 contains no such language. Instead, it states that "[a]ny section of this Charter may be amended as provided in Article XVIII, Section 9 of the Ohio Constitution, by the submission of the proposed amendment or amendments to the electors of the City."

**{¶ 11}** Intervening respondent urges us to hold that charter-amendment petitions are governed by Section 6.02. We reject this invitation, for two reasons. First, an initiative under Section 6.02, by definition, relates to proposed

"[o]rdinances and other measures providing for the exercise of any powers of government." This definition contemplates only legislative enactments, as demonstrated by the fact that throughout the remainder of Section 6.02, the charter refers repeatedly to "the proposed ordinance." An amendment to the charter is not an ordinance or "measure[] providing for the exercise of [a] power[] of government."

{¶ 12} Second, if Section 6.02 were intended to modify Section 12.01, the charter would say so. But to the contrary, Section 12.01 does not even describe the process of petitioning to amend the charter as an "initiative," much less incorporate the rules and procedures of Section 6.02 by reference.

{¶ 13} The proper time for an aggrieved party to challenge the constitutionality of the charter amendment is after the voters approve the measure, assuming they do so. The council acted unlawfully when it failed to pass Ordinance No. 2014-41 to place the amendment before the voters.

*Conclusion*

{¶ 14} For the foregoing reasons, we grant the motion for reconsideration and grant the writ of mandamus. The city council and the city clerk are hereby ordered to take all steps necessary to place the proposed charter amendment on the November 4, 2014 ballot and to submit the question to those voters who have already secured absentee voter ballots.

Judgment accordingly.

PFEIFER, O'DONNELL, KENNEDY, and FRENCH, JJ., concur.

LANZINGER, J., dissents without opinion.

O'NEILL, J., dissents.

_____

**O'NEILL, J., dissenting.**

{¶ 15} I respectfully dissent from the majority's decision to reconsider this case. I think we got it right the first time, and no new arguments or facts have been presented that would warrant reconsideration.

{¶ 16} Let me suggest a hypothetical to demonstrate the weakness of what I will refer to as the Supreme Court's "blind eye doctrine." Suppose the village of Pleasantville receives a request to place on the ballot a referendum to amend the charter of the village to require that all new zoning requests for new housing developments must contain deed restrictions limiting the number of children in such a way as to ensure that Pleasantville's ratio of minorities to whites will never exceed the national average. The amendment clearly cannot withstand constitutional scrutiny, on its face, and the village council recognizes that fact.

{¶ 17} The village of Pleasantville, in a very raucous council session, publicly states that "we are not under any obligation to entertain craziness on the ballot." Then, in an application for a writ of mandamus, the relators assert to the Supreme Court of Ohio, "We have always had the constitutional right to place craziness on the ballot." The Supreme Court then grants the writ, offering the excuse that "we will visit this another day."

{¶ 18} In order to be entitled to the extraordinary writ of mandamus, as is being requested here, relators must, as a matter of law, demonstrate a clear legal right to the remedy sought. There is no clear legal right to place an unconstitutional proposition on any ballot. I believe that there is a burden on relators in this matter that has not been met and that is why I did, and do, vote to deny the writ.

―――――――――――――

Callender Law Group and Christopher Burch, for relators.

Frost Brown Todd, L.L.C., Eugene L. Hollins, Powell Law Director, and Jennifer B. Croghan, for respondents.

Vorys, Sater, Seymour & Pease, L.L.P., Bruce L. Ingram, Joseph R. Miller, and Christopher L. Ingram, for intervening respondent.

Frost Brown Todd, L.L.C., Philip K. Hartman, and Yazan S. Ashrawi; and John Gotherman, urging denial of the motion for reconsideration for amicus curiae Ohio Municipal League.

Kristen L. Sours, urging denial of the motion for reconsideration for amici curiae Ohio Home Builders Association and BIA of Central Ohio.

_____