**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 17a0338n.06

No. 16-3867

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**

Jun 16, 2017

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| CENTER FOR POWELL CROSSING, LLC, | ) ) ) | |
| Plaintiff-Appellee, | ) ) | |
| CITY OF POWELL, OHIO, | ) ) | On Appeal from the United States |
| Defendant-Appellee, | ) ) ) | District Court for the Southern District of Ohio |
| v. | ) ) | |
| BRIAN EBERSOLE, | ) ) | |
| Proposed Intervenor-Appellant. | ) ) | |

_____/

**Before: GUY, CLAY, and WHITE, Circuit Judges.**

**RALPH B. GUY, JR., Circuit Judge.** Proposed intervenor-appellant Brian Ebersole appeals the district court's order denying his motion to intervene. Because Ebersole lacks standing, we affirm.

## I.

After the Powell City Council authorized a downtown high-density housing development, Ebersole sponsored a petition drive to submit a ballot proposal to the voters

of the City of Powell.  The proposal included a charter amendment prohibiting high-density housing in downtown Powell, set forth a new comprehensive land-use plan, and created an advisory committee to make land-use recommendations to the city council.

The City initially refused to place the proposal on the ballot, asserting that it violated the Ohio Constitution's prohibition on municipal referenda acting upon administrative decisions.  *See* OHIO CONST. art. II, § 1f; *see also State ex rel. Oberlin Citizens for Responsible Dev. v. Talarico*, 836 N.E.2d 529, 534-35 (Ohio 2005) (enactment of an ordinance "comparable to approving a site plan for development of land" "constitutes an administrative action, which is not properly the subject of either referendum or initiative seeking its repeal").  After initially denying relief, the Ohio Supreme Court granted rehearing, granted Ebersole's mandamus petition and ordered the City to put the initiative on the ballot.  *State ex rel. Ebersole v. City of Powell*, 21 N.E.3d 274 (Ohio, 2014).  The Ohio Supreme Court wrote that "[t]he proper time for an aggrieved party to challenge the constitutionality of the charter amendment is after the voters approve the measure, assuming they do so" – which they did in November 2014. *Id*. at 277.

The Center for Powell Crossing – the proposed developer of the downtown parcel – challenged the amendment, arguing *inter alia* that the referendum used to ratify it repealed an administrative action and thus violated procedural due process.  Ebersole filed an extensive *amicus* brief raising the same jurisdictional argument he renews on appeal.  The district court agreed with Powell Crossing and granted permanent injunctive relief against enforcement of the amendment.  The City declined to appeal, although it

stated its intent to challenge any further claims and mitigate continuing exposure to damages.

Following the district court's judgment, Ebersole moved to intervene solely for purposes of appealing the permanent injunction. The district court denied the motion in a written order, ruling that Ebersole lacked standing to intervene. He appeals.

## II.

We review *de novo* the district court's ruling on Ebersole's motion to intervene as of right; however, we review timeliness for an abuse of discretion. *Coal. to Def. Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007). We review its ruling on Ebersole's motion for permissive intervention for an abuse of discretion. *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005).

## III.

*a. Standing*

An intervenor normally has the right to appeal an adverse trial court judgment just like any other party. *Cherry Hill Vineyards, LLC v. Lilly*, 553 F.3d 423, 428 (6th Cir. 2008). Where an original party declines to appeal, however, an intervenor-appellant must have Article III standing. *See Hollingsworth v. Perry*, 133 S. Ct. 2652, 2662 (2013); *see also Diamond v. Charles*, 476 U.S. 54, 68 (1986) ("an intervenor's right to continue a suit in the absence of the party on whose side intervention was permitted is contingent upon a showing by the intervenor that he fulfills the requirements of Art. III"); *Cherry Hill Vineyards*, 553 F.3d at 428 ("an intervenor seeking to appeal, like any other party, must

fulfill the requirements of Article III of the Constitution before it can continue to pursue an action in the absence of the party on whose side intervention was permitted").

Unlike in *Perry*, *Diamond*, and *Cherry Hill Vineyards*, Ebersole never intervened before seeking an appeal. He moved to intervene only after an adverse final judgment, and the district court was aware that the City of Powell – on whose side he sought to intervene – would not pursue an appeal. This puts Ebersole in a position analogous to the appellants in *Perry*, *Diamond*, and *Cherry Hill Vineyards*: a would-be intervenor attempting to take up an appeal where the original party declined to do so. In these circumstances, Article III standing is essential to preserve the "personal stake" at the core of our adversarial system. *Perry*, 133 S. Ct. at 2663 (quotation omitted). Ebersole thus must establish that he has suffered a concrete and particularized injury that is fairly traceable to the challenged conduct and likely to be redressed by a favorable judicial decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). He asserts four such injuries, each inadequate to provide standing.

### i. Comprehensive Plan Commissioner

Ebersole first claims that he can show an injury from his appointment to the Comprehensive Plan Commission created by the initiative – a position which no longer exists as a result of the district court's ruling that the amendment is unconstitutional. However, the president of Ebersole's homeowners' association purported to appoint him to the committee 29 days after the district court's judgment, 12 days after Ebersole filed his motion to intervene, and 2 days after the City responded to his motion by arguing that he lacked standing. The district court determined that this amounts to manufactured

standing, and we agree. The Supreme Court has declined to find standing in contrived circumstances. *See Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1151 (2013). Further, the "standing of a prospective intervenor . . . is properly measured at the time intervention is sought in the district court." *Dillard v. Chilton Cty. Comm'n*, 495 F.3d 1324, 1339 (11th Cir. 2007).

### ii. Initiative Sponsor

Next, Ebersole claims standing by virtue of his status as a sponsor of the ballot initiative. Although initiative sponsors have an interest in having the initiatives they support appear on the ballot, *Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 316-17 (6th Cir. 2005), their interest stops there. Initiative sponsors lack standing to defend the merits of initiatives against constitutional challenges. *See Arizonans*, 520 U.S. at 65 ("[W]e are aware of no . . . law appointing initiative sponsors as agents of the people . . . to defend, in lieu of public officials, the constitutionality of initiatives made law of the State. Nor has this Court ever identified initiative proponents as Article-III-qualified defenders of the measures they advocated."). Ebersole thus lacks standing as an initiative sponsor.

### iii. Landowner

Ebersole also argues that he has standing by virtue of the proximity of his property to the planned development. He contends that the development will cause increased crime, blight, air pollution, parking, traffic, noise, and a resulting loss of quiet enjoyment of his property. Ebersole's residence is nearly a mile by car from the development site. Moreover, his property is on a residential cul-de-sac unlikely to encounter any substantial

increase in foot or car traffic as a result of the development, which is on a main road in the downtown business district. To the extent Ebersole may encounter additional traffic in the downtown Powell area, his purported injury is undifferentiated from that of the community in general.

This is a far cry from the type of land use or residential proximity at issue in, for example, *Lujan*, 504 U.S. at 572 n.7 (property "adjacent to the site for proposed construction of a federally licensed dam"). Furthermore, Ebersole presents no facts or evidence that high-density housing a half mile from his home will lead to the sorts of injuries he asserts. This leaves Ebersole only the sort of unparticularized interest in the amendment shared by every Powell citizen.

### iv. Citizen Interest

Ebersole lastly cites his interest in the enforcement of the amendment as a Powell resident, elector, and taxpayer as a basis for standing. However, the Supreme Court has "never before upheld the standing of a private party to defend the constitutionality of a state statute when state officials have chosen not to." *Perry*, 133 S. Ct. at 2668. Absent a direct, personal stake in the outcome of a case, a citizen does not have standing based on "his and every citizen's interest in proper application of the Constitution and laws." *Id.* at 2662 (citation omitted).

### b.  Subject Matter Jurisdiction

Apart from his claim to standing to intervene, Ebersole argues the district court lacked subject matter jurisdiction over Powell Crossing's challenge to the amendment. We are satisfied that it did.

Ebersole characterizes plaintiff's action as a "disguised and unripe takings claim." Per *Williamson Cty. Reg. Planning Comm. v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194 (1985), a developer's takings claims for failure to provide just compensation are not ripe for federal court review unless and until unsuccessfully seeking just compensation through state procedures.  In *Braun v. Ann Arbor Charter Twp.*, 519 F.3d 564, 572 (6th Cir. 2008), we held that a due process claim alongside and couched within a takings claim is subject to these exhaustion requirements.

Plaintiff, however, asserts no takings claim.  Although plaintiff mentions the purchase price of the land for the proposed development in its complaint, it sought no compensation whatsoever in its prayer for relief.  *See Coniston Corp. v. Vill. of Hoffman Estates*, 844 F.2d 461, 463-64 (7th Cir. 1988) (no takings claim where plaintiffs "have not explored the possibility of obtaining compensation for an alleged regulatory taking" but instead "want their site plan approved").  It is thus immaterial that plaintiff did not seek just compensation through Ohio state-law procedures.  Accordingly, plaintiff's claim is not an "unripe takings claim" as Ebersole urges, and the *Williamson* exhaustion requirement is inapplicable.  The district court therefore had jurisdiction over this case under 28 U.S.C. § 1331.

\* \* \*

Ebersole has not suffered a cognizable injury, and therefore does not have Article III standing. This precludes him from independently appealing when the City of Powell has declined to do so. *Diamond*, 476 U.S. at 64. Because he moved to intervene solely to appeal the district court's ruling on the merits, the district court rightly denied his motion for lack of standing.

**AFFIRMED.**

\* \* \*