[Cite as *Ebersole v. Powell*, 2019-Ohio-3073.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


BRIAN EBERSOLE

      Requester-Appellant

-vs-

CITY OF POWELL, et al.

      Respondents-Appellees

JUDGES:
Hon. John W. Wise, P. J.
Hon. Patricia A. Delaney, J.
Hon. Craig R. Baldwin, J.

Case No. 2018 CAI 12 0098


O P I N I O N


CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Claims of
Ohio, Case No. 2018 00478PQ


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     July 30, 2019


APPEARANCES:

For Requester-Appellant

STEFANIA DENBOW-HUBBARD
4388 Scenic Drive
Columbus, Ohio 43214

For Respondents-Appellees

MARK LANDES
MARK H. TROUTMAN
MATTHEW S. TEETOR
Two Miranova Place, Suite 700
Columbus, Ohio 43215-5098

*Wise, P. J.*

**{¶1}**    Plaintiff-Appellant Brain Ebersole appeals from the decision of the Court of Claims of Ohio, rendering judgment in favor of Defendants-Appellees the City of Powell, Ohio, et al. The relevant facts leading to this appeal are as follows.

**{¶2}**    In late 2013, a developer and property owner, the Center at Powell Crossing, L.L.C. ("Powell Crossing"), filed a final-development plan application with the city, proposing new construction on its 8.3 acre property that would include retail space and residential units. In June 2014, the city council approved the aforesaid development plan by adopting Ordinance No. 2014–10.

**{¶3}**    However, on July 17, 2014, Appellant Ebersole and two other Powell residents filed petitions with the city clerk in support of three separate ballot measures: (1) A referendum to reject Ordinance No. 2014–10; (2) an initiative to approve an ordinance repealing Ordinance No. 2014–10; and (3) a proposed amendment to the city charter to establish a new comprehensive plan for zoning and development in Powell.

**{¶4}**    Eventually, pursuant to an order from the Ohio Supreme Court, the proposed charter amendment (item number 3, *supra*) was put on the November 2014 ballot. *See State ex rel. Ebersole v. Powell*, 141 Ohio St.3d 9, 2014-Ohio-4078, 21 N.E.3d 267, *on reconsideration,* 141 Ohio St.3d 17, 2014-Ohio-4283, 21 N.E.3d 274. It was thereupon approved by popular vote; however, a federal court later found the charter amendment unconstitutional. *See The Center for Powell Crossing, LLC v. City of Powell,* 173 F.Supp.3d. 648, 650 (S.D. Ohio 2016); *Ctr. For Powell Crossing, LLC v. Ebersole,* 696 Fed. Appx. 702 (6th Cir. 2017).

**{¶5}** An ensuing legal battle in federal court (referred to in the parties' present briefs as "the *Powell Crossing* litigation") culminated in a negotiated settlement to release the City of Powell from all liability to the Center for Powell Crossing, LLC for the charter amendment. On September 19, 2017, the city council voted unanimously to adopt Ordinance 2017-46, an appropriation of $950,000.00 to the developer for the city's settlement. The total settlement amount was comprised of $950,000 contributed by the City of Powell and $850,000 contributed by Great American Insurance Group ("GAIG"), the city's insurance carrier. The city thereafter issued a check for $950,000.00 to the Center for Powell Crossing, LLC.

**{¶6}** In late 2017 and early 2018, appellant made a series of public records requests to the City. Despite the City's production of hundreds of pages of documents in response, appellant, on March 16, 2018, filed a complaint in the Ohio Court of Claims under R.C. 2743.75, alleging that the City of Powell had denied him access to public records in violation of R.C. 149.43(B). Appellant added as defendants-respondents, among others, Appellee Karen Mitchell (clerk of council) and Appellee Stephen Lutz (city manager).

**{¶7}** Following unsuccessful mediation, the City of Powell filed a response and a motion to dismiss on June 20, 2018, joined by Appellees Mitchell and Lutz. Powell claimed that it had provided all existing documents to any and all proper requests.

**{¶8}** On October 9, 2018, a Court of Claims Special Master filed a twenty-two page "report and recommendation," ultimately recommending a denial of appellant's claim for production of records. However, the special master also recommended "that the court find that respondent [City of Powell] failed to respond to requester's [Ebersole's] overly

broad request with the opportunity and information required by R.C. 149.43(B)(2)." Report at 22.[1]

**{¶9}** On October 18, 2018, Appellant Ebersole and Appellee City of Powell each filed written objections to the special master's report and recommendation. On October 29, 2018, appellant filed a response to the city's objections.

**{¶10}** On November 13, 2018, the Court of Claims issued a judgment entry and written decision overruling appellant's objections, but sustaining Appellee City's objections, declining to adopt the special master's conclusion that the City of Powell had failed to properly respond to appellant's request as outlined in R.C. 149.43(B)(2).

**{¶11}** On December 11, 2018, appellant filed a notice of appeal. He herein raises the following six Assignments of Error:

**{¶12}** "I.  THE COURT OF CLAIMS ERRED BY FAILING TO FIND THAT THE CITY OF POWELL CARRIES THE BURDEN TO SHOW THAT EACH OF THE THREE OUTSTANDING PUBLIC RECORDS REQUESTS ARE IMPROPER UNDER THE OHIO PUBLIC RECORDS ACT. THE COURT OF CLAIMS ERRED BY FINDING THAT THE REQUESTER CARRIES THE BURDEN TO SHOW THAT THE CITY'S CLAIM DOCUMENT DEMANDING INSURANCE COVERAGE FOR THE *POWELL CROSSING* LITIGATION AND COPIES OF THE INSURANCE COMPANY'S ('GREAT AMERICAN

---

[1]  R.C. 149.43(B)(2) states in pertinent part: "*** If a requester makes an ambiguous or overly broad request or has difficulty in making a request for copies or inspection of public records under this section such that the public office or the person responsible for the requested public record cannot reasonably identify what public records are being requested, the public office or the person responsible for the requested public record may deny the request but shall provide the requester with an opportunity to revise the request by informing the requester of the manner in which records are maintained by the public office and accessed in the ordinary course of the public office's or person's duties."

INSURANCE GROUP' OR 'GAIG') CHECKS ALLEGEDLY CONTRIBUTING OVER $850,000 TO THE LEGAL SETTLEMENT IN THE CASE ARE 'PUBLIC RECORDS' SUBJECT TO DISCLOSURE, EVEN THOUGH THE REQUESTED CLAIM DOCUMENT AND CHECK COPIES ARE IN THE POSSESSION OF THE CITY'S ATTORNEYS AND OTHER REPRESENTATIVES. SEE, *HURT V. LIBERTY TWP.,* 2017-OHIO-7820, ¶¶ 66-78 (5TH DIST. 2017). THE COURT OF CLAIMS FURTHER ERRED BY FAILING TO FIND THAT THE CITY CARRIES THE BURDEN TO SHOW THAT THE REQUEST FOR THE CITY'S CORRESPONDENCE WITH GAIG REGARDING THE *POWELL CROSSING* LITIGATION IS 'AMBIGUOUS AND OVERBROAD,' PARTICULARLY WHERE, AS HERE, THE CITY REFUSES TO REQUEST RESPONSIVE CORRESPONDENCE FROM THE PUBLIC RECORDS CUSTODIAN(S), INCLUDING ATTORNEY DANIEL DOWNEY. THE REQUESTER HAS SHOWN HE IS ENTITLED TO THE PRODUCTION OF THE REQUESTED DOCUMENTS NOTWITHSTANDING THE ERRORS THAT THE COURT OF CLAIMS MADE WITH RESPECT TO ASSIGNING THE BURDEN OF PROOF.

{¶13} "II. THE COURT OF CLAIMS ERRED BY DENYING THE REQUESTER'S CLAIM FOR THE PRODUCTION OF RECORDS PURSUANT TO R.C. 149.43(B) AND R.C. 2743.75 FOR TRUE, ACCURATE, AND COMPLETE COPIES OF TWO GREAT AMERICAN INSURANCE GROUP CHECKS (INCLUDING, WITHOUT LIMITATION, THE ENTIRE FRONT AND BACK OF EACH CHECK, ACCOUNT AND ROUTING INFORMATION, SIGNATURE BLOCKS, SECURITY FEATURES, AND CHECK STUBS) THAT ALLEGEDLY CONTRIBUTED FUNDS TO THE CITY'S LEGAL SETTLEMENT WITH A REAL ESTATE DEVELOPER IN THE *POWELL CROSSING* LITIGATION IN

THE AMOUNTS OF $850,000 AND $400. THE COURT OF CLAIMS FURTHER ERRED BY FINDING THAT SUCH CHECK COPIES ARE NOT 'PUBLIC RECORDS' UNDER R.C. 149.43(A) AND 149.011(G), WHERE: (A) THE CITY POSSESSES AND MAY ACCESS THE CHECK COPIES THROUGH AT LEAST THREE ATTORNEYS, REPRESENTATIVES, OR AGENTS ACTING ON ITS BEHALF; AND (B) GAIG'S CONTRIBUTION TO THE *POWELL CROSSING* SETTLEMENT INFLUENCED AND CAUSED THE CITY COUNCIL TO APPROVE THE SETTLEMENT AND APPROPRIATE $950,000 IN CITY FUNDS TO IT. THE COURT OF CLAIMS ERRED AND ABUSED ITS DISCRETION TO THE EXTENT THAT IT FOUND THAT THE CITY DOES NOT POSSESS OR COULD NOT ACCESS THE COMPLETE CHECK COPIES THROUGH PERSONS ACTING ON THE CITY'S BEHALF. THE COURT OF CLAIMS FURTHER ERRED AND ABUSED ITS DISCRETION BY FINDING THAT THE CITY PROVIDED 'COPIES OF ITS RECORDS DOCUMENTING OF THE FACT OF, THE AMOUNT OF, AND THE COMPLETION OF THE INSURANCE COMPANY'S [I.E. GAIG'S] PAYMENTS' IN THE AMOUNTS OF $850,000 AND $400 TO THE CITY'S $1.8 MILLION LEGAL SETTLEMENT WITH A PRIVATE REAL ESTATE DEVELOPER IN THE *POWELL CROSSING* LITIGATION.

**{¶14}** "III. THE COURT OF CLAIMS ERRED AND ABUSED ITS DISCRETION BY FAILING TO ADEQUATELY IDENTIFY THE DOCUMENTS THAT THE CITY FILED UNDER SEAL WITH IT AND BY FAILING TO DISCLOSE WHETHER THE GAIG CHECK COPIES FILED UNDER SEAL INCLUDE ACCOUNT AND ROUTING NUMBERS.

**{¶15}** "IV. THE COURT OF CLAIMS ERRED BY DENYING THE REQUESTER'S CLAIM FOR THE PRODUCTION OF RECORDS PURSUANT TO R.C. 149.43(B) AND

R.C. 2743.75 FOR ANY AND ALL WRITTEN CORRESPONDENCE (INCLUDING BUT NOT LIMITED TO EMAILS, LETTERS, AND NOTICES) REGARDING THE *POWELL CROSSING* CASE OR THE SETTLEMENT IN THE *POWELL CROSSING* CASE BY, BETWEEN, OR AMONG ANY ONE OR MORE OF THE CITY OF POWELL, THE CENTRAL OHIO RISK MANAGEMENT ASSOCIATION ('CORMA'), AND GAIG (OR SUCH PERSONS' EMPLOYEES, ATTORNEYS, OR OTHER REPRESENTATIVES OR AGENTS). THE COURT OF CLAIMS FURTHER ERRED BY FINDING THAT THE REQUESTER'S PUBLIC RECORDS REQUEST FOR SUCH CORRESPONDENCE IS 'IMPROPERLY AMBIGUOUS AND OVERLY BROAD, DOES NOT REASONABLY IDENTITY THE RECORDS SOUGHT, AND IS THEREFORE UNENFORCEABLE UNDER THE PUBLIC RECORDS ACT' WHERE, AS HERE, THE CITY CAN REASONABLY IDENTIFY THE PUBLIC RECORDS THAT THE REQUESTER HAS REQUESTED.

{¶16} "V. THE COURT OF CLAIMS ERRED BY FAILING TO FIND THAT THE CITY VIOLATED ITS DUTY UNDER R.C. 149.43(B)(2) AND (B)(3) TO PROVIDE INFORMATION AS TO THE MANNER IN WHICH THE CITY KEEPS, MAINTAINS, AND ACCESSES ITS RECORDS, AS IT IS REQUIRED TO DO UPON CLAIMING THAT THE REQUESTER'S REQUESTS ARE AMBIGUOUS AND OVERLY BROAD. THE COURT OF CLAIMS FURTHER ERRED BY FINDING THAT THE CITY DID NOT VIOLATE ITS DUTIES TO REQUESTER UNDER R.C. 149.43(B) AND FINDING THAT 'THE CITY HAS NO OBLIGATION TO PROVIDE A RESPONSE TO [EBERSOLE'S] OVERBROAD AND AMBIGUOUS PUBLIC RECORDS REQUESTS[.].' THE COURT OF CLAIMS FURTHER ERRED AND ABUSED ITS DISCRETION BY FINDING THAT 'THE CITY DID NOT

INITIALLY DENY EBERSOLE'S REQUEST FOR PUBLIC RECORDS' FOR CORRESPONDENCE REGARDING *POWELL CROSSING.* STILL FURTHER, THE COURT OF CLAIMS ERRED BY FAILING TO REMEDY THE CITY'S VIOLATION OF R.C. 149.43(B) BY ORDERING THE DISCLOSURE OF ALL REQUESTED PUBLIC RECORDS.

**{¶17}** "VI. THE COURT OF CLAIMS ERRED BY DENYING THE REQUESTER'S CLAIM FOR THE PRODUCTION OF RECORDS PURSUANT TO R.C. 149.43(B) AND R.C. 2743.75 FOR THE FIRST NOTICE OF LOSS ('FNOL') FORM SUBMITTED TO GAIG ON THE CITY'S BEHALF TO CLAIM INSURANCE COVERAGE FOR THE *POWELL CROSSING* LITIGATION. THE COURT OF CLAIMS FURTHER ERRED BY FINDING THAT SUCH FNOL IS NOT A 'PUBLIC RECORD' WITHIN THE MEANING OF R.C. 149.43(A) AND 149.011(G), WHERE: (A) THE FNOL IS IN THE POSSESSION OF PERSONS ACTING ON THE CITY'S BEHALF; AND (B) THE FNOL WAS SUBMITTED TO GAIG ON THE CITY'S BEHALF TO CLAIM INSURANCE COVERAGE AND DOCUMENTS THE PERSONS RESPONSIBLE FOR MAKING SUCH CLAIM."

I.

**{¶18}** In his First Assignment of Error, appellant essentially contends the Court of Claims applied an incorrect burden of proof in the proceedings below. We disagree.

**{¶19}** R.C. 2743.75(A) states in pertinent part as follows: "In order to provide for an expeditious and economical procedure that attempts to resolve disputes alleging a denial of access to public records in violation of division (B) of section 149.43 of the Revised Code, except for a court that hears a mandamus action pursuant to that section,

the court of claims shall be the sole and exclusive authority in this state that adjudicates or resolves complaints based on alleged violations of that section. \*\*\*."

**{¶20}** As this Court has previously recognized, R.C. 2743.75 does not define the burden of proof in an action commenced in the Court of Claims to obtain public records. *Hurt v. Liberty Twp., Delaware County*, 5th Dist. Delaware No. 17 CAI 05 0031, 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27. However, we have also noted, by comparison, that to be entitled to a writ of mandamus compelling the production of public records, "a relator must establish by clear and convincing evidence that the relator has a clear legal right to the records and that the respondent has a clear legal duty to provide them." *Hurt* at ¶ 28, citing *State ex rel. Cincinnati Enquirer v. Sage*, 142 Ohio St.3d 392, 2015-Ohio-974, 31 N.E.3d 616, ¶ 10. Furthermore, "a governmental body refusing to release records has the burden of proving that the records are excepted from disclosure pursuant to R.C. 149.43." *Id.*, citing *State ex rel. Natl. Broadcasting Co. v. Cleveland*, 38 Ohio St.3d 79, 526 N.E.2d 786 (1988), paragraph 2 of the syllabus. Accordingly, "[t]o promote consistent application of the public records law," the proper standard of proof in a case brought pursuant to R.C. 2743.75 is the standard of proof utilized in a public records mandamus action commenced pursuant to R.C. 149.43(C)(1)(b). *Hurt* at ¶ 30.

**{¶21}** In the case *sub judice*, appellant's focus is on three aspects of his public records request: (1) Copies of any checks from Great American Insurance Group (GAIG) contributing to the litigation settlement, (2) copies of claim documents, and (3) written correspondence with GAIG.

*Checks from Great American Insurance Group (GAIG)*

**{¶22}** As indicated in our recitation of facts, GAIG contributed $850,000.00 in coverage to the settlement reached by the City in the *Powell Crossing* litigation. On July 17, 2018, the court of claims ordered the City to file *under seal* "complete and unredacted" copies of the GAIG checks. Appellant maintains he was erroneously deprived of information concerning the signature blocks on the checks, as well as account and routing numbers, and that the court of claims failed to follow our holding as to the burden of proof in *Hurt, supra*. However, as further discussed *infra*, we do not find support in the record that the City of Powell "refused" to release the necessary documentation concerning the GAIG payments. *Cincinnati Enquirer*, *supra*.

*The First Notice of Loss ("FNOL") Document*

**{¶23}** Appellant does not develop an argument, to any significant degree, as to the FNOL issue pursuant to App.R. 16(A)(7) (*see* Appellant's Brief at 20-21). However, in the interest of justice, we note that under R.C. 149.011(G), "records" includes "any document, device, or item, regardless of physical form or characteristic, including an electronic record as defined in section 1306.01 of the Revised Code, created or received by or coming under the jurisdiction of any public office of the state or its political subdivisions, *which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office.*" (Emphasis added).

**{¶24}** The plain language of R.C. 149.011(G) requires more than mere receipt and possession of a document in order for it to be a record. *See State ex rel. Beacon Journal Publishing Co. v. Whitmore*, 83 Ohio St.3d 61, 64, 1998-Ohio-180, 697 N.E.2d 640, citing

*State ex rel. Wilson-Simmons v. Lake Cty. Sheriff's Dept.,* 82 Ohio St.3d 37, 41, 693 N.E.2d 789.

**{¶25}** In the case *sub judice*, the court of claims accepted the special master's following conclusions: "There is no reason to believe that [the City of] Powell did nor must use the FNOL in documenting its own activities. The form transmits notice for the administrative convenience of CORMA [the Central Ohio Risk Management Association] and GAIG, not to document the official functions of Powell." Report and Recommendation at 20.

**{¶26}** Upon review, we find no error on "burden of proof" grounds as to the court of claims' redress of the FNOL document request.

*City's Correspondence with GAIG*

**{¶27}** The court of claims determined that appellant's claim for "any and all written correspondence between, by, or among any one or more" of the City, CORMA, and GAIG that "refers reflects or relates to" the *Powell Crossing* litigation was too broad. Appellant in essence urges that the trial court thus committed an error as to the burden of proof, alleging that the City of Powell merely made bald assertions that the requested documents were not public records and/or that appellant's requests were ambiguous and overbroad.

**{¶28}** However, errors in application or allocation of burdens of proof, in some circumstances, have been found to be harmless. *See, e.g., Mentor v. CSX Transp., Inc.*, 11th Dist. Lake No. 2003-L-088, 2005-Ohio-3385, ¶ 68; *Pennsylvania Nat. Mut. Cas. Ins. Co. v. Baker*, 2nd Dist. Montgomery No. CA 10040, 1987 WL 11044; *Reed v. Brooks*, 4th Dist. Ross No. 1180, 1986 WL 11289. Moreover, it is the responsibility of the person who

wishes to inspect and/or copy records to identify with reasonable clarity the records at issue. *State ex rel. Morgan v. New Lexington,* 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 29. "[I]f a request for records is unreasonable in scope, and if it would interfere with the sanctity of the record-keeping process, courts have held that the request is overbroad." *State ex rel. Daugherty v. Mohr*, 10th Dist. Franklin No. 11AP-5, 2011-Ohio-6453, ¶ 33, citing *State ex rel. Zauderer v. Joseph* (1989), 62 Ohio App.3d 752.

**{¶29}** In the case *sub judice*, appellant's request ultimately encompassed three private insurance entities (CORMA, GAIG, and Wichert Insurance), as well as three law firms (Fishel Hass Kim Albrecht Downey LLP, Isaac Wiles Burkholder & Teetor, LLC, and Vorys, Sater, Seymour and Pease LLP). The Court of Claims essentially found that appellant's request was overly broad because the date range for the documents requested was nearly a three-year span, the request was not limited to a litigation file, a single department, or a single record retention series, the request requires the staff of six separate entities to conduct research to find all responsive correspondence, and the request, as written, would include all correspondence between outside agencies, regardless of whether the City of Powell was a party to such correspondence. *See* Report and Recommendation at 13-15.

**{¶30}** Appellees presently assert in response that despite the onerous request, the City turned over all of its correspondence on the *Powell Crossing* litigation to appellant, and that "[t]here are no additional identifiable records responsive to [appellant's] requests in possession of the City of Powell other than what has already been provided to [appellant and his brother]." Appellees' Brief at 13. Under the circumstances presented, even if the trial court misstated the allocation of the burden of

proof regarding whether the records request was overbroad, the court of claims fully considered the issues before it, and we find no reversible error in its final determination.

**{¶31}** Appellant's First Assignment of Error is overruled.

II.

**{¶32}** In his Second Assignment of Error, appellant essentially contends the Court of Claims erred in denying his request for the production of records pertaining to full copies of checks the City of Powell received from Great American Insurance Group (GAIG) for settlement purposes concerning the *Powell Crossing* litigation. We disagree.

**{¶33}** Certainly, "[t]he Public Records Act implements the state's policy that 'open government serves the public interest and our democratic system.' " *State ex rel. Perrea v. Cincinnati Pub. Schools*, 123 Ohio St.3d 410, 2009-Ohio-4762, 916 N.E.2d 1049, ¶ 13, citing *State ex rel. Dann v. Taft*, 109 Ohio St.3d 364, 2006-Ohio-1825, 848 N.E.2d 472, ¶ 20. " 'Consistent with this policy, we construe R.C. 149.43 liberally in favor of broad access and resolve any doubt in favor of disclosure of public records.'" *Id.*, quoting *State ex rel. Glasgow v. Jones*, 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶ 13.

**{¶34}** Nonetheless, we emphasize in the case *sub judice* that appellant was not denied slightly redacted copies of the checks he has sought. The Court of Claims found, and appellant does not presently dispute, that all the information in the checks had been disclosed to appellant, with the exception of account and routing numbers and the payee signature block on the checks. *See* Report and Recommendation at 9. Appellant also was provided, *inter alia*, with a copy of the settlement agreement documenting GAIG's contribution to the settlement in the *Powell Crossing* litigation.

**{¶35}** Under these circumstances, appellant fails to persuade us that the *additional* information in the form of account and routing numbers and the payee signature block on the checks would serve to "document the activities" of the City of Powell over and above the information already possessed by appellant. R.C. 149.011(G), *supra*.

**{¶36}** Appellant's Second Assignment of Error is therefore overruled.

III.

**{¶37}** In his Third Assignment of Error, appellant contends the court of claims erred and abused its discretion by failing to adequately identify the documents that the City of Powell had filed under seal and by failing to disclose whether the GAIG check copies filed under seal included account and routing numbers.

**{¶38}** Appellant's argument is unsupported by any statutory or case law authority supporting his position that the Ohio Court of Claims is duty-bound to disclose or verify the existence of information to litigants from documents it has ordered to be filed under seal. In any event, we note a presumption of regularity attaches to all trial court proceedings. *See, e.g., Black v. Chiropractic Assocs. of Zanesville, L.L.C.,* 5th Dist. Muskingum No. CT2013–0012, 2014–Ohio–192, ¶ 20. We find appellant has failed to overcome such presumption of regularity afforded to the Court of Claims under these circumstances.

**{¶39}** Appellant's Third Assignment of Error is thus overruled.

IV., V., VI.

**{¶40}** In his Fourth, Fifth, and Sixth Assignments of Error, appellant presents additional arguments concerning his requests for records related to the GAIG checks, the

FNOL documentation, and the correspondence pertaining to the *Powell Crossing* litigation.

**{¶41}** However, we note App.R. 19(A) states in pertinent part as follows: "Without prior leave of court, no initial brief of appellant or cross-appellant and no answer brief of appellee or cross-appellee shall exceed thirty-five pages in length ***, exclusive of the table of contents, table of cases, statutes and other authorities cited, and appendices, if any. A court of appeals, by local rule, may adopt shorter or longer page limitations. ***."

**{¶42}** Furthermore, Loc.App.R. 9(B) states: "In addition to the requirements of App.R. 16, no brief by any party in an appeal or original action, excluding appendices, table of contents, table of cases, statement of assignments of errors, and statement of the issues shall exceed thirty pages, unless, upon a motion requesting an increase of a specific number of pages and the showing of good cause, this Court orders otherwise. ***."

**{¶43}** The main body of appellant's present brief runs forty-five (45) pages, absent the table of contents and the table of authorities (on pages i through vi). Specifically, pages 1 through 4 are appellant's statement of the assignments of errors and statement of the issues presented for review. Pages 5 through 19 constitute an argumentative *ad hoc* "introduction" section. Pages 20 through 44 make up the "law and argument" section, ending with counsel's signature and certificate of service on page 45. Appellant did not obtain leave from this Court to utilize this excessive number of pages.[2]

---

[2] In February 2019, appellant requested permission, via written motion, to exceed page limits on his brief. This Court denied the motion, but granted appellant the opportunity to revise his brief on or before February 28, 2019. Appellant did not do so, and presently points out that such order was not actually filed with the clerk until March 4, 2019. *See*

**{¶44}** Under these circumstances, using page 5 as the starting point and allowing thirty pages (Loc.App.R. 9(B)), this Court will hold for naught appellant's brief past the end of page 34. Appellant's arguments as to his Fourth, Fifth, and Sixth Assignments of Error start on page 35, and thus will be herein disregarded.

**{¶45}** Appellant's Fourth, Fifth, and Sixth Assignments of Error are denied pursuant to the requirements of App.R. 19(A) and Loc.App.R. 9(B).

**{¶46}** For the reasons stated in the foregoing opinion, the judgment of the Court of Claims of Ohio is affirmed.

By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.

JWW/d  0712

---

Reply Brief at 3. However, appellant never asked this Court to reconsider its February 28th deadline.