[Cite as *Warchol v. Superintendent of Washington Local School Dist.*, 2022-Ohio-3947.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| BRITTANY WARCHOL | Case No. 2021-00698PQ |
| Requester | Judge Patrick E. Sheeran |
| v. | <u>DECISION AND ENTRY</u> |
| SUPERINTENDENT OF WASHINGTON LOCAL SCHOOL DISTRICT | |
| Respondent | |

{¶1} Respondent Superintendent of Washington Local School District (Superintendent) objects to a Special Master's Report and Recommendation in this public-records case. For reasons set forth below, the Court sustains the Superintendent's first objection. The Court adopts, in part, the Report and Recommendation.

### I.   Background

{¶2} On December 6, 2021, Requester Brittany Warchol, a self-represented litigant, filed a Complaint against the Superintendent wherein she alleged a denial of access to public records in violation of R.C. 149.43(B). Warchol represented in materials accompanying the Complaint that she filed her public-records request under the Freedom of Information Act (FOIA).[1]

---

[1]    Warchol states in an email that is dated September 30, 2021:

This is a request for information filed under the Freedom of Information Act.

I request that you provide me with *all documents containing information regarding the following topic*: COVID-19, Certifications, School Funding, and HVAC system maintenance. Documentation to include e-mail communication via work account as well as private e-mails used to conduct business, letters, logs, Doctorate Degree (MD), as well as internal communication. Correspondence between Kadee Anstandt and the Department of Education, Kadee Anstandt and the Department of Health/ Ohio Health Department, as well as Kadee Anstandt and Governor Mike DeWine, and Kadee Anstandt and all serving members of the school board and any other pertinent entity.

{¶3} The Court appointed a Special Master who referred the case to mediation. After mediation failed to successfully resolve all disputed issues between the parties, the case was returned to the Special Master's docket. The Superintendent thereafter moved to dismiss Warchol's Complaint.

{¶4} On August 31, 2022, the Special Master issued a Report and Recommendation (R&R). The Special Master acknowledged the Superintendent's motion to dismiss, stating that the Superintendent "move[d] to dismiss the complaint on

I am requesting copies of **all** correspondence dated 08/01/2018 - 11/01/2021 in regards to *COVID-19, Grant Funding, Emergency/ Safety response plan in regards to a "pandemic, epidemic, or communicable viral disease."* Response plan to include any resources or educational material in which the plan was set forth upon. Communication to include but not be limited to masks, vaccinations, and documentation showing school officials to include, Superintendent Kadee Anstadt and all governing members of the school board having the rights under the law to prescribe, advise, recommend, administer, OR dispense for compensation of any kind, direct or indirect, a drug or medicine, as well as treatment, of whatever nature for the cure of a disease or infirmity. Grant funding under ESSER, ARP ESSER, as well as GEER funding to include but not limited to the use of said funds up until this request whether it be a pending approval or purchased. My final request at this time, all documentation in regards to HVAC system maintenance logs.

*I request a waiver of all fees for this request since the disclosure of the information I seek is not primarily in my commercial interest, and is likely to contribute significantly to public understanding of the operations or activities of the government, making the disclosure a matter of public interest. This information will benefit the public by allowing them a clearer understanding of the use of grant funds that have dictated the health of our children while attending the public school system, along with the motives of our local school officials and governing body.*

If you have any questions If you deny any or all of this request, please cite each specific exemption you feel has legal authority for the refusal to release the information as well as notifying me of the appeal procedures available to me under the law. If you require any clarification or find part of the request problematic, I anticipate you contacting me per section 16 of the FOIA; Duty to provide advice and assistance. Please acknowledge receipt of this request via the same manner it was received. I look forward to receiving the information I am requesting and prefer digital copies sent via email to the email address this document was sent from.

the grounds that, 1) Warchol's request was made under the federal Freedom of Information Act and is therefore unenforceable against a state public office, 2) Warchol's claims are moot to the extent records have been produced, and 3) the ambiguous and/or overly broad portions of a request do not create a duty for a public office to produce records." (R&R, 4.) The Special Master has recommended denying the motion to dismiss, stating in support: "Although her wording is not clear, Warchol then appeared to concede that the request must be made under the Public Records Act and the Superintendent appeared to accept that the request was now properly made under Ohio law." (R&R, 5.) The Special Master also has stated that "for concision and because the matter has been fully briefed, the Special Master recommends the court deny the motions to dismiss on these grounds and proceed on the merits." (R&R, 5.)

{¶5} The Special Master made several findings in the Report and Recommendation. The Special Master "[found] that mootness, ambiguity, and overbreadth are partially apparent on the face of the complaint, as noted [in the Report and Recommendation with respect to a request made on November 15, 2021]." (R&R, 5.) The Special Master further "[found] that Warchol has not shown by clear and convincing evidence that additional records exist responsive to the above requests in the hands of the Superintendent," but the Special Master has noted that "[t]his is not an affirmative finding that no such records exist or ever existed, only that Warchol has failed to meet her burden to prove their existence in at the time of this request by the requisite quantum of evidence." (R&R, 8.) And the Special Master has stated, "Based on the evidence submitted, the Special Master finds that Warchol's request amounts to an improper demand for the complete duplication of voluminous files." (R&R, 10.) The Special Master also "[found] that the request for three years of all communication records 'regarding' or 'in regards to' a list of broad topics is improperly ambiguous and fails to reasonably identify the records sought." (R&R, 11.) The Special Master further "[found] that [a] September 30, 2021 request and follow-up communications, other than as noted [*infra*], are ambiguous, overly broad, and fail to reasonably identify the records sought." (R&R, 13.)

{¶6} However, the Special Master found that an "embedded request for records of the amounts and use of funds from specific grant funding sources during a limited period

is sufficiently specific to 'reasonably identify what public records are being requested.' R.C. 149.43(B)(2). The Superintendent has not asserted any exemption for these records, and they must therefore be produced." (R&R, 13-14.)  The Special Master concluded:

> Upon consideration of the pleadings and attachments, the Special Master recommends the court deny the motion to dismiss on the basis of requester's initial reliance on the federal Freedom of Information Act as authority for her requests. The Special Master further recommends the court order respondent to produce all records responsive to the request for specified records of ESSER, ARP ESSER, and GEER funding. The Special Master further recommends the court find that all sufficiently specific requests have been rendered moot and deny the claim for any further production of records. The Special Master recommends the court find that no other violation of R.C. 149.43(B) has been shown. It is recommended costs be assessed equally between the parties.

(R&R, 14.)

{¶7} On September 12, 2022, the Superintendent filed written objections to the Special Master's Report and Recommendation.  The Superintendent's counsel certifies that a copy of the objections was sent electronically to Warchol and sent "via certified mail."

{¶8} Warchol has not filed a timely response to the Superintendent's objections.

## II.    Law and Analysis

{¶9} The General Assembly created an alternative means to resolve public-records dispute through the enactment of R.C. 2743.75. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 11. *See* R.C. 2743.75(A).  Under R.C. 2743.75(F)(1), not later than seven business days after receiving a response of a public office or person responsible for public records, or a motion to dismiss a complaint, if applicable, a special master is required to "submit to the court of claims a report and recommendation based on the ordinary application of statutory law and case law as they existed at the time of the filing of the complaint." However, for good cause shown, a special master "may extend the seven-day period for

the submission of the report and recommendation to the court of claims under this division by an additional seven business days." R.C. 2743.75(F)(1).

{¶10} R.C. 2743.75(F)(2) governs the filing of objections to a special master's report and recommendation. Under R.C. 2743.75(F)(2), either party "may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested. * * * If either party timely objects, the other party may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested. The court, within seven business days after the response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation."

{¶11} Pursuant to R.C. 2743.75(F)(2), "[a]ny objection to the report and recommendation shall be specific and state with particularity all grounds for the objection." The Superintendent presents the following objections:

> "1. The Recommendation fails to require Requester to bear the requisite burden of proof.
>
> 2. The Request was made under FOIA, not R.C. 149.43, and should therefore be dismissed.
>
> 3. Even if the request had been properly made under R.C. 149.43, the complaint would properly be dismissed as to all portions of the request which are moot, ambiguous, overly broad or seek non-existent records."

The Superintendent maintains in the objections that Warchol's Complaint must be dismissed in its entirety.

{¶12} The Superintendent asserts in the first objection that, in the Report and Recommendation, the Special Master failed to require Warchol to bear the requisite burden of proof. In *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, the Ohio Supreme Court discussed the requisite burden of proof in a R.C. 2743.75 proceeding. The Ohio Supreme Court instructed:

> While a public-records-access proceeding brought pursuant R.C. 2743.75 may be less formalistic than a mandamus proceeding brought pursuant

to R.C. 149.43(C), the nature of the relief sought—namely, access to a public record that was requested and allegedly withheld in violation of R.C 149.43(B)(1)—is functionally the same. For that reason, the direction in R.C. 2743.75(F)(1) for "the ordinary application of statutory law and case law as they existed at the time of the filing of the complaint" suggests that public-records-access proceedings in the Court of Claims be consistent with the standards that are applicable to mandamus-enforcement actions.

*Welsh-Huggins* at ¶ 32. *See State ex rel. Ware v. Crawford*, 2022-Ohio-295, ¶ 12 (mandamus is the appropriate remedy to compel compliance with the Public Records Act and to be entitled to a writ of mandamus a relator is required to demonstrate by "clear and convincing evidence" that the relator has a clear legal right to the requested relief and that a respondent has a clear legal duty to provide it); *see also Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus (holding that "[c]lear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established*"*).

{¶13} In *Welsh-Huggins* the Ohio Supreme Court also instructed:

[T]he complainant's "burden of production" is to plead and prove facts showing that the requester sought an identifiable public record pursuant to R.C. 149.43(B)(1) and that the public office or records custodian did not make the record available. * * *

The "burden of persuasion" was at all times on [complainant] to prove his right to relief under R.C. 2743.75 by the requisite quantum of evidence. * * * We therefore assume without deciding that his right to obtain relief under R.C. 2743.75 for the denial of access to public records in violation of R.C. 149.43(B) required clear and convincing evidence.

*Welsh-Huggins* at ¶ 33-34.

{¶14} Although in *Welsh-Huggins* the Ohio Supreme Court did not decide whether a right to obtain relief under R.C. 2743.75 requires "clear and convincing evidence," at least two Ohio courts of appeal have determined that "clear and convincing evidence" is

required. The Eighth District Court of Appeals has stated that a requester "must establish entitlement to relief in an action filed in the Court of Claims under R.C. 2743.75 by clear and convincing evidence." *Viola v. Cuyahoga Cty. Prosecutor's Office*, 8th Dist. Cuyahoga No. 110315, 2021-Ohio-4210, ¶ 16, citing *Hurt v. Liberty Twp.*, 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27-30 (5th Dist.). And the Fifth District Court of Appeals has stated that "'[t]o promote consistent application of the public records law,' the proper standard of proof in a case brought pursuant to R.C. 2743.75 is the standard of proof utilized in a public records mandamus action commenced pursuant to R.C. 149.43(C)(1)(b)." *Ebersole v. City of Powell*, 5th Dist. Delaware No. 2018 CAI 12 0098, 2019-Ohio-3073, ¶ 20, quoting *Hurt* at ¶ 30.

{¶15} Applying *Welsh-Huggins*, Warchol's "burden of production" required Warchol to plead and prove facts showing that she sought an identifiable public record pursuant to R.C. 149.43(B)(1) and the Superintendent did not make the record available. *See Welsh-Huggins*, *supra*, at ¶ 33. And the "burden of persuasion" was at all times upon Warchol to prove her right to relief under R.C. 2743.75 by the requisite quantum of evidence, which Ohio appellate courts have determined is "clear and convincing evidence." *See Welsh-Huggins*, *supra*, at ¶ 34, *Viola*, *supra*, at ¶ 16; *Ebersole*, supra, at ¶ 20. The Twelfth District Court of Appeals has discussed "burden of proof" in the context of the Ohio Open Meetings Act. *State ex rel. Hardin v. Clermont Cty. Bd. of Elections*, 2012-Ohio-2569, 972 N.E.2d 115, ¶ 23 (12th Dist.). The Twelfth District Court of Appeals has stated:

> The term "burden of proof" is a composite burden that "encompasses two different aspects of proof: the burden of going forward with evidence (or burden of production) and the burden of persuasion." *Chari v. Vore*, 91 Ohio St.3d 323, 326, 2001 Ohio 49, 744 N.E.2d 763 (2001). "The term 'burden of production' tells a court which party must come forward with evidence to support a particular proposition, whereas 'burden of persuasion' determines which party must produce sufficient evidence to convince a judge that a fact has been established." 29 American Jurisprudence 2d, Evidence, Section 171 (2012). "The burden of persuasion never leaves the party on whom it is originally cast." *Id.* Thus,

what shifts is "the burden of going forward with the evidence, rather than the actual burden of proof. The burden which rests upon the plaintiff, to establish the material averments of his or her cause of action * * *, never shifts." 42 Ohio Jurisprudence 3d, Evidence and Witnesses, Section 84 (2012).

*Id.* at ¶ 23. Any suggestion in the Report and Recommendation that Warchol was not required to prove by clear and convincing evidence that requested records existed unless the Superintendent clearly denied that the specific records existed seems contrary to established Ohio law. See Report and Recommendation at 14 ("[t]he Superintendent has not asserted any exemption for these records, and they must therefore be produced").

{¶16} Notably, the Ohio Supreme Court has stated, "A records request that places the burden on the public office to identify the responsive documents by searching for specified content is not a proper records request." *State ex rel. Griffin v. Sehlmeyer*, 2022-Ohio-2189, ¶ 11, citing *State ex rel. Shaughnessy v. Cleveland*, 149 Ohio St.3d 612, 2016-Ohio-8447, 76 N.E.3d 1171, ¶ 10. In *State ex rel. Shaughnessy* at ¶ 10, the Ohio Supreme Court explained:

> The Public Records Act does not compel a public office "to do research or to identify records containing selected information." *See State ex rel. Fant v. Tober*, 8th Dist. Cuyahoga No. 63737, 1993 Ohio App. LEXIS 2591, 1993 WL 173743, *1 (Apr. 28, 1993), *aff'd*, 68 Ohio St.3d 117, 1993 Ohio 154, 623 N.E.2d 1202 (1993). *See also Morgan*, 121 Ohio St.3d 600, 2009-Ohio-1901, 906 N.E.2d 1105, at ¶ 14-15 (request for "[a]ny and all e-mail communications * * * which reference * * * the 'evidence-based model' or education funding in general" was overbroad [first ellipsis sic]); *State ex rel. Thomas v. Ohio State Univ.*, 71 Ohio St.3d 245, 246, 1994 Ohio 261, 643 N.E.2d 126 (1994) (noting denial of writ of mandamus where request for records sought selected information "regarding or related to" any pro-animal-rights action group or individual), citing *Fant.*

Upon independent review, the Court determines that Warchol's public-records request placed the Superintendent in a situation where, in response to an ostensibly overbroad

request, the Superintendent was required to search for content in records, which is not required, given the holding in *Sehlmeyer*, *supra*. See Report and Recommendation at 13-14.[2] The Court finds merit in the Superintendent's first objection. The Court concludes that the Superintendent's first objection should be sustained.

{¶17} Since the Court's ruling as to the Superintendent's first objection adequately disposes of the objections, a determination of the Superintendent's other objections is unnecessary. *See State ex rel. Karmasu v. Tate*, 83 Ohio App.3d 199, 205, 614 N.E.2d 827 (4th Dist.1992) ("[a] trial court is not required to consider any legal theory, or argument, beyond that which will adequately dispose of the case at hand"); *PDK Laboratories, Inc. v. United States Drug Enforcement Administration* (D.C.Cir.2004), 362 F.3d 786, 799, 360 U.S. App. D.C. 344 (Roberts, J., concurring in part and concurring in judgment) (expressing "the cardinal principle of judicial restraint," *i.e.*, "if it is not necessary to decide more, it is necessary not to decide more"); *State ex rel. Luken v. Corp. for Findlay Mkt. of Cincinnati*, 135 Ohio St.3d 416, 2013-Ohio-1532, 988 N.E.2d 546, ¶ 25; *Meyer v. UPS*, 122 Ohio St.3d 104, 2009-Ohio-2463, 909 N.E.2d 106, ¶ 53. The Court therefore forgoes ruling on the Superintendent's second and third objections.

### III.    Conclusion

---

[2]  In the Report and Recommendation, the Special Master stated:

Part of Warchol's request narrowed her overly broad request for "all correspondence dated 08/01/2018 – 11/01/21 in regards to * * * Grant Funding" to specify the following:

Grant funding under ESSER, ARP ESSER, as well as GEER funding to
include but not limited to the use of said funds up until this request
whether it be a pending approval or purchased.

(Complaint at 4.) Warchol further clarified this request as including only correspondence regarding,
- Amount of funds received
- Any stipulations of funding
- Pending approval of funds
- Previous usage of funds

(Complaint at 10.)  Although the request is worded as one for records over a period of three years, the Superintendent advises that the referenced funds did not become available until sometime in early 2020, reducing the effective time period to a year and a half. (Response at 3.) The Special Master finds that this embedded request for records of the amounts and use of funds from specific grant funding sources during a limited period is sufficiently specific to "reasonably identify what public records are being requested." R.C. 149.43(B)(2). The Superintendent has not asserted any exemption for these records, and they must therefore be produced.

(R&R, 13-14.)

{¶18} The Court sustains the Superintendent's first objection. The Court does not adopt the Special Master's recommendation to order the Superintendent to produce all records responsive to the request for specified records of ESSER, ARP ESSER, and GEER funding. The Court does, however, adopt the Special Master's recommendation to assess court costs equally between Warchol and the Superintendent. The Special Master's Report and Recommendation is adopted, in part, and not adopted, in part. Court costs are assessed equally between Warchol and the Superintendent. The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
PATRICK E. SHEERAN
Judge


**Filed October 4, 2022**
**Sent to S.C. Reporter 11/4/22**